THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THEODORE WEST WARD, Defendant-Appellant.

Fourth District   No. 4—83—0645

Opinion filed May 31, 1984.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

The defendant appeals from a summary dismissal by the circuit court of Champaign county of his *pro se* petition for post-conviction relief filed pursuant to section 122—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 122—4).

Defendant had been convicted of rape and sentenced to 25 years of imprisonment. That conviction was affirmed by this court on direct appeal. (*People v. Ward* (1980), 83 Ill. App. 3d 766, 404 N.E.2d 847, *appeal denied* (1980), 81 Ill. 2d 598.) On September 1, 1983, defendant filed his *pro se* petition and in it alleged ineffective assistance of counsel at both the trial and appellate levels; he also claimed denial of a fair trial by reason of the court's refusal to give an instruction on an included offense. He stated that he was indigent and requested counsel. The trial court dismissed the petition without appointing counsel and without a hearing.

Of prime significance to our decision is the fact that the statute was amended by Public Act 83—942, effective November 22, 1983, approximately seven weeks after the filing of the petition. Prior to the amendment the statute provided in pertinent part:

"If the petitioner is without counsel and alleges that he is with-

out means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." Ill. Rev. Stat. 1983, ch. 38, par. 122—4.

Public Act 83—942, *inter alia*, added section 122—2.1 as follows:

"Sec. 122—2.1. (a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—2.1.)

It also amended section 122—4 by adding certain language as follows:

"Sec. 122—4. Pauper Petitions. If the petition *is not dismissed pursuant to Section 122—2.1, and* alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, *and the petition is not dismissed pursuant to Section 122—2.1*, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Additions underscored.) Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—4.

■■ It will thus be seen that at the time of the filing of the petition appointment of counsel, if requested, was mandatory. The failure of the court so to appoint constitutes reversible error. (*People v. But-*

*ler* (1968), 40 Ill. 2d 386, 240 N.E.2d 592; *People v. Partee* (1980), 85 Ill. App. 3d 679, 407 N.E.2d 215.) Since the petition here clearly stated that the defendant was indigent and desired counsel, the State concedes that the case must be reversed and remanded.

However, the parties differ as to what law should apply on remand. Defendant argues that he has an "accrued right" to have the case considered under the former law, *i.e.*, mandatory appointment of counsel. The State, on the other hand, urges that there is no accrued right and that the court should consider the petition under the terms of Public Act 83—942, *i.e.*, possibility of summary dismissal as frivolous.

The core question is whether the defendant possesses an accrued right and this question, in turn, depends on whether the amendment by Public Act 83—942 is a matter of substance or procedure. The fundamental premise is stated in section 4 of "An Act to revise the law in relation to the construction of the statutes." (Ill. Rev. Stat. 1983, ch. 1, par. 1103.) In pertinent part it provides:

> "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to *** any right accrued, or claim arising under the former law, or in any way whatever to affect *** any right accrued, or claim arising before the new law takes effect."

In *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 184-85, 193 N.E.2d 844, 847, the supreme court said:

> "As a general rule, however, statutes will not be construed retroactively unless it clearly appears such was the legislative intention. [Citation.] But this general rule is not ordinarily applied to statutes which relate merely to remedies and forms of procedure and which do not affect substantive rights. [Citation.] Where a statute giving a special remedy is amended without a savings clause in favor of pending actions, all actions affected must be decided in conformity to the law then existing, both in the trial and Appellate Courts, without regard to whether the actions accrued before or after such change, or whether action had been previously instituted."

In our opinion the amendment in question here is procedural in nature. Therefore, under the rule of *Hogan* it may be given retroactive application.

The right to counsel at the trial stage is so fundamental as to need no citation of authority. However, it does not follow that the right to counsel is mandated in all subsequent proceedings. The United States Supreme Court has so indicated. In *Rodriquez v.*

*United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715, the court held that the defendant was entitled to an appeal, but that he must prepare his post-conviction petition without the assistance of counsel. In *Ross v. Moffitt* (1974), 417 U.S. 600, 41 L. Ed. 2d 341, 94 S. Ct. 2437, the court held that appointment of counsel was not necessary for discretionary appeals.

Our own supreme court was faced with the question of post-conviction proceedings in misdemeanor cases. In *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164, the court directed that until otherwise provided by rule or by statute a convicted misdemeanant should enjoy a procedure in the nature of a proceeding under the Post-Conviction Hearing Act, subject to certain conditions, one of which was:

> "[C]ounsel need not be appointed to represent an indigent defendant if the trial judge, after examination of the petition, enters an order finding that the record in the case, read in conjunction with the defendant's petition and the responsive pleading of the prosecution, if any, conclusively shows that the defendant is entitled to no relief." 54 Ill. 2d 487, 493, 298 N.E.2d 164, 167.

■ From these authorities we infer that the right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will; hence, the defendant had no accrued right.

The trial court offered no reason for its summary dismissal in the instant case. We cannot therefore know whether it falls within the specifications of Public Act 83—942. Its order is therefore vacated and the cause is remanded to the circuit court of Champaign County to reconsider the petition in the light of Public Act 83—942.

Vacated and remanded with directions.

MILLS, P.J., and TRAPP, J., concur.