THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ENICE LYLES, JR., Defendant-Appellant.

First District (3rd Division)    No. 1—01—3478

Opinion filed March 3, 2004.—Rehearing denied March 31, 2004.

Michael J. Pelletier and Erin Stone, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Enice Lyles, Jr., appeals from an order of the circuit court summarily dismissing his second *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). A different division of this court subsequently dismissed the defendant's appeal for want of prosecution. The same division later vacated the dismissal and reinstated the appeal on the defendant's motion. The State now asserts that this court lacked jurisdiction to grant the defendant's motion to vacate our prior dismissal order and, as a consequence, we have no jurisdiction to consider the instant appeal. For the reasons that follow, we agree with the State's contention and dismiss this appeal for lack of jurisdiction.

The defendant was initially charged with three counts of first degree murder. Following a jury trial, the defendant was convicted of two counts of first degree murder and one count of voluntary manslaughter. The defendant was sentenced to death for the murders and 14 years in prison for voluntary manslaughter.

On direct appeal to the Illinois Supreme Court, the court affirmed the defendant's convictions, but vacated his death sentence and remanded the matter to the trial court for a new sentencing hearing. *People v. Lyles*, 106 Ill. 2d 373, 478 N.E.2d 291 (1985). On remand, the trial judge sentenced the defendant to natural life in prison for the murders and to the same 14-year prison term for voluntary manslaughter. The defendant appealed, and this court affirmed. *People v. Lyles*, 208 Ill. App. 3d 370, 567 N.E.2d 396 (1990).

In 1991, the defendant filed a *pro se* petition for postconviction relief, alleging that he was deprived of the effective assistance of trial and appellate counsel. The trial court dismissed the petition as frivolous and patently without merit. We affirmed the summary dismissal of the defendant's petition. *People v. Lyles*, No. 1—92—0464 (1994) (unpublished order under Supreme Court Rule 23).

In 2001, the defendant filed a second *pro se* postconviction petition, alleging that his natural life sentence was imposed in violation of his rights under the United States Constitution pursuant to the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and was otherwise unconstitutional. The trial court summarily dismissed the petition, finding that it was not timely filed and lacked merit, and the defendant timely filed the instant appeal.

During the course of the appeal, this court granted the defendant four extensions of time to file an appellate brief. The last extension allowed the defendant until October 11, 2002, to file his brief. On April 18, 2003, the appeal was dismissed for want of prosecution. On May 27, 2003, the defendant, through the State Appellate Defender, filed a motion to vacate the dismissal order and reinstate the appeal, and for leave to file his brief *instanter*. In that motion, the State Appellate Defender acknowledged culpability for the defendant's failure to file a timely brief. On June 4, 2003, the dismissal order was vacated and the defendant's appeal was reinstated.

Before addressing the merits of the defendant's arguments on appeal, we must first address the State's contention that we do not have jurisdiction to consider the instant appeal. Specifically, the State argues that the April 18, 2003, order dismissing the defendant's appeal became final 21 days after it was entered and that, thereafter, this court lost all jurisdiction in this matter. The State asserts that, under Supreme Court Rule 367(a) (155 Ill. 2d R. 367(a)), which allows

a party only 21 days after the filing of a reviewing court's judgment to file a petition for rehearing, our jurisdiction over this matter expired before the defendant filed his motion to vacate the dismissal order and reinstate the appeal. In support of its argument, the State relies on our supreme court's decision in *Woodson v. Chicago Board of Education*, 154 Ill. 2d 391, 609 N.E.2d 318 (1993), for the proposition that, where an appeal from a circuit court's final order is dismissed for want of prosecution and no petition for rehearing is filed within 21 days, the dismissal order becomes final and this court loses jurisdiction to consider the appeal.

The defendant counters that the rule in *Woodson* applies only in civil cases and relies on our supreme court's decision in *People v. Moore*, 133 Ill. 2d 331, 549 N.E.2d 1257 (1990), for the proposition that a criminal defendant should not be deprived of his right to an appeal as a result of the ineffective assistance of his appellate counsel. The *Moore* court, citing to the United States Supreme Court's decisions in *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), and *Penson v. Ohio*, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988), held that reviewing courts should reinstate direct appeals that have previously been dismissed for want of prosecution where the dismissal was due to the misconduct or neglect by a defendant's appellate counsel. *Moore*, 133 Ill. 2d at 337. The *Moore* court reinstated the appeal and remanded the defendant's case for further appellate proceedings. *Moore*, 133 Ill. 2d at 341. See also *People v. Brown*, 39 Ill. 2d 307, 235 N.E.2d 562 (1968); *People v. Aliwoli*, 60 Ill. 2d 579, 328 N.E.2d 555 (1975); *People v. Sistrunk*, 259 Ill. App. 3d 40, 630 N.E.2d 1213 (1994).

The defendant is correct that *Moore, Brown,* and *Aliwoli* stand for the proposition that a defendant's right to a direct appeal cannot be lost through appellate counsel's failure to comply with procedural court rules. Although the supreme court in *Moore* appears to have reinstated the appeal through the exercise of its supervisory authority, it is clear that in *Brown* and *Aliwoli* the supreme court held that the appellate court abused its discretion in denying the defendants' motions to reinstate their direct appeals after they had been dismissed either for the failure to file requisite abstracts and briefs or for want of prosecution. Accordingly, by ruling that the appellate court abused its discretion in the latter cases, the supreme court implicitly stated that this court originally had jurisdiction over the matter. The authorities relied on by the defendant, however, deal with a criminal defendant's right to a direct appeal of his convictions and the possible infringement of that right through the failure of appellate counsel to abide by court rules. The posture of this case differs significantly.

Here, we do not have a direct appeal but, rather, an appeal from a collateral proceeding, *i.e.*, the summary dismissal of the defendant's second postconviction petition. Therefore, the issue we are faced with is whether the rule enunciated in *Woodson* applies to appeals from postconviction proceedings. For the reasons that follow, we conclude that it does.

We begin our analysis with the Supreme Court's decision in *Douglas v. California*, 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963), wherein the Court held that criminal defendants have the right to counsel on direct appeal as a matter of due process. The Supreme Court in *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), extended the holding in *Douglas*, finding that criminal defendants are entitled to the effective assistance of counsel on direct appeal, pursuant to the holding in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In *Evitts*, the defendant's direct appeal was dismissed due to his counsel's failure to file necessary documents with the appellate court in a timely manner. The defendant sought federal *habeas corpus* relief, contending that the dismissal of his appeal was unconstitutional because his counsel's ineffective assistance deprived him of his right to an appeal. *Evitts*, 469 U.S. at 389-90, 83 L. Ed. 2d at 825-26, 105 S. Ct. at 832-33. The Supreme Court concluded that an appeal adjudicated where the appellant is not adequately represented violates the appellant's right to due process, stating that an appellant whose counsel is unable to provide effective assistance on a first appeal as of right may as well have had no counsel at all. *Evitts*, 469 U.S. at 396, 83 L. Ed. 2d at 830, 105 S. Ct. at 836.

The holding in *Douglas* was limited by the Supreme Court's decision in *Ross v. Moffitt*, 417 U.S. 600, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974), where the Court held that the due process right to counsel did not extend to parties seeking discretionary appeals. The Supreme Court concluded that due process did not require states to provide appellants with counsel for the purpose of a discretionary appeal. The Court distinguished a defendant's need for counsel at trial and on appeal, stating that an attorney on appeal serves "not as a shield to protect [the defendant] against being 'haled into court' by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt." *Ross*, 417 U.S. at 610-11, 41 L. Ed. 2d at 351, 94 S. Ct. at 2444. The Court determined that, although a North Carolina statute provided for appointed counsel to defendants on direct appeals, the state was not required to extend the provision to apply to defendants seeking discretionary appeals, and there was no indication that the defendant had been deprived of his right to a direct appeal of his conviction. *Ross*, 417 U.S. at 614-15, 41 L. Ed. 2d at 353, 94 S. Ct. at 2446.

■ Taking these decisions together, it follows that a criminal defendant cannot be deprived of a due process right to effective assistance of counsel where no constitutional right to counsel exists in the first instance. See *Wainwright v. Torna*, 455 U.S. 586, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982). Accordingly, we must next consider whether any such due process concerns are implicated in the context of a postconviction proceeding.

■ The Act provides an opportunity for a defendant to assert that his conviction was the result of a substantial deprivation of his constitutional rights. 725 ILCS 5/122—1 (West 2000). Under the Act, counsel may be appointed for an indigent defendant for purposes of an evidentiary hearing in the trial court where the defendant's petition has survived summary dismissal. 725 ILCS 5/122—4 (West 2000). The Act also provides that defendants may seek appellate review of any final judgment entered upon a postconviction petition. 725 ILCS 5/122—7 (West 2000). Therefore, Illinois has established a statutory right to postconviction proceedings and a right to counsel for purposes of those proceedings in the trial court. However, Illinois provides no statutory right to counsel for appeals from postconviction proceedings. Rather, Supreme Court Rule 651(c) provides that, upon the timely filing of a notice of appeal in a postconviction proceeding, indigent defendants shall be appointed counsel on appeal. 134 Ill. 2d R. 651(c).

■ As our supreme court has stated, the right to assistance of counsel in postconviction proceedings " 'is a matter of legislative grace and favor.' " *People v. Porter*, 122 Ill. 2d 64, 73, 521 N.E.2d 1158 (1988), quoting *People v. Ward*, 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144 (1984). The right to counsel in a postconviction proceeding is derived from statute rather than the Constitution and, therefore, postconviction petitioners are guaranteed only the level of assistance which the statute provides. *People v. Owens*, 139 Ill. 2d 351, 364, 564 N.E.2d 1184 (1990). Our supreme court has held that only a "reasonable level of assistance" of counsel is required in postconviction proceedings. (Emphasis omitted.) *Owens*, 139 Ill. 2d at 364. Toward that end, Supreme Court Rule 651(c) sets out certain requirements that counsel must fulfill in representing postconviction petitioners. *People v. McNeal*, 194 Ill. 2d 135, 142, 742 N.E.2d 269 (2000). Likewise, the source of a defendant's right to counsel on appeal from the dismissal of a postconviction petition is not derived from the Constitution. Rather, a defendant's right to counsel on appeal is derived from Supreme Court Rule 651(c), which the supreme court may alter at will. See *Porter*, 122 Ill. 2d at 73; *Ward*, 124 Ill. App. 3d at 978. Accordingly, defendants on appeal from the dismissal of a postconviction petition are guaranteed the assistance of counsel mandated by

Supreme Court Rule 651(c), but they are not constitutionally guaranteed any specific level of assistance.

*Moore, Brown,* and *Aliwoli* dealt with defendants whose appellate counsel allowed the defendants' direct appeals to be dismissed. In *Evitts,* relied upon by *Moore,* the Supreme Court stated that, because due process guarantees a defendant the effective assistance of counsel on direct appeal, a defendant's direct appeal cannot be dismissed due to his counsel's failure to follow mandatory appellate rules. *Evitts,* 469 U.S. at 396, 83 L. Ed. 2d at 830, 105 S. Ct. at 836. The action before us, however, is not a direct appeal, but an appeal from the dismissal of the defendant's second postconviction petition. As noted earlier, this distinction is significant because a defendant's due process rights are not implicated on appeal from the dismissal of a postconviction petition. As even the Supreme Court acknowledged in *Evitts,* if a court "chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's *due process rights.*" (Emphasis added.) *Evitts,* 469 U.S. at 399, 83 L. Ed. 2d at 832, 105 S. Ct. at 838. For the foregoing reasons, we conclude that the holdings in *Moore, Brown,* and *Aliwoli* are not applicable to this case and that the holding in *Woodson* controls.

■ In the instant case, the defendant's appeal was dismissed for want of prosecution on April 18, 2003. Under Rule 367(a) (155 Ill. 2d R. 367(a)), he had 21 days, or until May 9, 2003, to file a motion to vacate the dismissal order and reinstate his appeal. The defendant did not file his motion until May 27, 2003, 39 days after the date of dismissal. Consequently, this court had no jurisdiction to vacate the dismissal order of April 18, 2003. Therefore, we conclude the order of June 4, 2003, reinstating this appeal is void *ab initio.* See *People v. Flowers,* 208 Ill. 2d 291, 306 (2003) (orders entered by courts without jurisdiction are void). Accordingly, we vacate the order entered on June 4, 2003, and dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

KARNEZIS, J., concurs.

JUSTICE HALL, dissenting:

I disagree with the majority's conclusion that this court must once more dismiss the defendant's appeal.

Initially, I am not convinced that this court lacked jurisdiction even though the defendant filed his motion to reinstate more than 21 days after the April 18, 2003, dismissal of his appeal.

Supreme Court Rule 368 (155 Ill. 2d R. 368(a)) provides in pertinent part as follows:

"The clerk of the reviewing court shall transmit to the circuit court the mandate of the reviewing court, with notice to the parties, not earlier than 21 days after the entry of the judgment unless the court orders otherwise." 155 Ill. 2d R. 368(a).

In *Whitcanock v. Nelson*, 81 Ill. App. 3d 186, 400 N.E.2d 998 (1980), on June 13, 1977, the appellate court denied the plaintiff's motion to file a late notice of appeal from an order of the trial court and ordered the appeal dismissed. However, the mandate did not issue. On June 21, 1977, the plaintiff filed a notice of appeal from another order of the trial court. The appellate court determined that the late notice of appeal from the first order should have been allowed, vacated its dismissal and reinstated the first appeal.

In rejecting the defendants' argument that the appellate court lost jurisdiction when it denied the motion to file the late notice of appeal, even though the court did not allow the mandate to issue, the court stated as follows:

"A reviewing court is divested of its jurisdiction over an appeal before it when its mandate issues to the lower court, or when petition for leave to appeal to a higher court is granted. [Citation.] *** Although we initially denied leave to file late notice of appeal in case No. 77—245, we did not allow the mandate to issue and accordingly retained appellate jurisdiction to vacate our earlier order and grant leave to file late notice of appeal, thereby re-instating case No. 77—245. We are cognizant of Supreme Court Rule 368 which provides for automatic filing of the mandate by the appellate court. [Citation.] We believe that statute should be read as permissive rather than mandatory." *Whitcanock*, 81 Ill. App. 3d at 189.

This court's mandate was due to be issued on May 23, 2003, but it never issued in this case. Therefore, on June 4, 2003, this court still had jurisdiction to grant the defendant's motion to reinstate his appeal. In *Woodson*, relied on by the majority, the court made no reference to the issuance of the mandate pursuant to Rule 368 or indeed any other authority for its conclusion that the appellate court lost jurisdiction after 21 days. See *Woodson*, 154 Ill. 2d at 397.

In any event, I question whether *Woodson* should control. As the supreme court recognized in *Brown*, mechanical applications of rules can lead to harsh results repugnant to commonly held notions of justice and fair play. *Brown*, 39 Ill. 2d at 310. These results can be even harsher in a criminal case than a civil one since in the latter suit the aggrieved client has, in theory, a malpractice action against his attorney for damages, while in the former no attorney can restore his client's liberty. *Brown*, 39 Ill. 2d at 310-11.

Assuming, *arguendo*, *Woodson* applies to this case and that this court lost jurisdiction, despite the failure of the mandate to issue, I

believe that due process considerations support the reinstatement of the defendant's appeal.

The majority draws a distinction between due process on direct appeals and due process on collateral proceedings, such as postconviction petitions, because the defendant's due process rights require effective assistance of counsel on a direct appeal, not a discretionary one. However, as the Court in *Evitts* pointed out, "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause." *Evitts*, 469 U.S. at 401, 83 L. Ed. 2d at 833, 105 S. Ct. at 839.

In Illinois, once the notice of appeal is filed in a postconviction proceeding, the supreme court rules require that counsel be appointed for an indigent defendant. See 134 Ill. 2d R. 651(c). The majority points out that appointed counsel need provide only a "reasonable level of assistance" and defendants are not constitutionally guaranteed any specific level of assistance. Nonetheless, however low that level might be, an attorney who fails to preserve a defendant's appeal rights, once they were established by the filing of the notice of appeal, has fallen below it and by no stretch of the imagination can be said to have provided a "reasonable level of assistance."

As noted by the majority in this case, a state court may choose to dismiss an appeal when an incompetent attorney has violated local rules, as long as such action does not intrude upon the client's due process rights. *Evitts*, 469 U.S. at 399, 83 L. Ed. 2d at 832, 105 S. Ct. at 838. It is here that the majority and I part company.

In this case, allowing the appeal to be dismissed amounted to *no* assistance of counsel. By affording no relief to the defendant in this case, the majority renders the appointment of counsel provision in Rule 651(c) a nullity. Such a result does not comport with the due process rights the defendant became entitled to once Illinois enacted a statutory scheme for postconviction relief and provided for the appointment of counsel in appeals from those proceedings.

I would not dismiss the defendant's appeal. Therefore, I respectfully dissent.