Docket No. 98357–Agenda 3–September 2005.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ENICE LYLES, JR., Appellant.

Opinion filed December 1, 2005.

JUSTICE FREEMAN delivered the opinion of the court:

We granted leave to appeal in this case in order to consider petitioner’s challenge to the appellate court’s dismissal of his appeal for want of prosecution. Pursuant to our supervisory authority, we now reinstate the appeal and remand the cause to the appellate court.

BACKGROUND

In 1982 a Cook County jury convicted petitioner Enice Lyles, Jr., of one count of voluntary manslaughter and two counts of first degree murder for the deaths, respectively, of Mary Thigpen and her sons Robert and Roderick Nichols, aged four and five. After a separate hearing he was sentenced to death for the murders and 14 years’ imprisonment for voluntary manslaughter. On appeal this court affirmed his convictions but vacated his death sentence and remanded for a new sentencing hearing because of prosecutorial misconduct during the sentencing hearing. 
People v. Lyles
, 106 Ill. 2d 373 (1985). On remand the circuit court sentenced petitioner to natural life imprisonment for the murders and the same 14-year term for the manslaughter conviction.

Petitioner filed a 
pro se
 postconviction petition in 1991, arguing ineffective assistance of trial and appellate counsel. The circuit court dismissed the petition and the appellate court affirmed that dismissal. 
People v. Lyles
, No. 1–92–0464 (1994) (unpublished order under Supreme Court Rule 23).

In 2001 petitioner brought the instant action by filing a second postconviction petition, this time alleging that his sentence violated 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). On August 30, 2001, the circuit court dismissed the petition as untimely and without merit. Petitioner filed a notice of appeal, and on September 28 the office of the State Appellate Defender was appointed to represent him in his appeal.

After first obtaining an extension of time for filing the record on appeal, the Appellate Defender sought and was granted four extensions of time for filing petitioner’s appellate brief between January and August 2002. The last such extension resulted in a due date of October 11, 2002.
(footnote: 1) The Appellate Defender did not file an appellate brief or any other motion by October 11, however, and on April 18, 2003, the appellate court dismissed the appeal for want of prosecution.

On May 23, 2003, 35 days after the appellate court dismissed the appeal, the Appellate Defender filed a “Motion to Reinstate and to Allow a Brief to be Filed 
Instanter
.” The State did not respond to the motion. The appellate court granted the motion, reinstated the appeal and permitted petitioner to file his appellate brief 
instanter
.

In the State’s response brief in the appellate court, the State argued that the appellate court was without jurisdiction to reinstate the appeal. The State maintained that the appellate court lost jurisdiction in the case when the court’s order of dismissal became final, which, according to Supreme Court Rule 367(a), was 21 days from the date of the order’s entry.

The appellate court agreed with the State, vacated its order reinstating the appeal, and dismissed the appeal for lack of jurisdiction. 347 Ill. App. 3d 100. After noting that Rule 367(a) gives a party only 21 days to file a petition for rehearing after a reviewing court’s judgment is filed (155 Ill. 2d R. 367(a)), the court then referred to two decisions of this court, 
Woodson v. Chicago Board of Education
, 154 Ill. 2d 391 (1993), and 
People v. Moore
, 133 Ill. 2d 331 (1990). In 
Woodson
, this court held that the appellate court lost jurisdiction of an appeal when no petition for rehearing was filed within 21 days after the court had dismissed the appeal for want of prosecution. In 
Moore
, by contrast, this court held that a 
criminal
 defendant ought not to lose his right to a direct appeal as the result of ineffective assistance of appellate counsel and that reviewing courts should reinstate direct criminal appeals which had been dismissed for want of prosecution as the result of appellate counsel’s misconduct or neglect. 
Moore
, 133 Ill. 2d 331. The appellate court distinguished 
Moore
 from the present case on the ground that 
Moore
 involved a 
direct
 criminal appeal and that, in such circumstances, due process required the effective assistance of counsel. 347 Ill. App. 3d 100. The court noted that petitioner’s appeal here was not a direct appeal from a criminal conviction but, rather, an appeal from a collateral, postconviction challenge to a criminal conviction, a proceeding which does not guarantee the same constitutionally driven right to effective assistance of counsel found in the direct appeal situation. 347 Ill. App. 3d 100. In light of this distinction, the appellate court concluded that the instant case was more akin to 
Woodson
 than 
Moore
 and, accordingly, dismissed the appeal.

Justice Hall dissented. She argued, first, that the appellate court retained jurisdiction because the court never issued its mandate after the April dismissal order, citing 
Whitcanock v. Nelson
, 81 Ill. App. 3d 186 (1980). The dissent suggested that 
Woodson
 may have erred in failing to recognize the jurisdictional significance of issuance of the mandate. Second, the dissent argued that due process considerations supported reinstatement of the appeal even if the court had lost jurisdiction due to passage of time after the decision was rendered.

This court granted petitioner leave to appeal. See 155 Ill. 2d R. 315(a).

ANALYSIS

Petitioner urges this court to reverse the appellate court and reinstate his appeal. He maintains that he bears no fault in the dismissal of his appeal and that his right to appeal should not be lost solely on the basis of his appellate counsel’s deficient performance. He argues that counsel’s performance was so inadequate as to have effectively deprived him of the representation guaranteed him by this court’s rules (petitioner acknowledges that he has “no constitutional right to counsel in post-conviction appeal”). The State counters that the appellate court had no choice but to dismiss the appeal, because the appellate court’s jurisdiction is conditional on compliance with the time limits set out by this court’s rules.

The two competing considerations in this case are immediately apparent. On the one hand, our rules unambiguously require that a petition for rehearing in the appellate court must be filed within 21 days after the judgment is filed, unless the time for filing is extended on motion. 155 Ill. 2d R. 367(a). This rule applies to criminal and postconviction appeals as well as civil appeals. See 177 Ill. 2d R. 612(p) (civil appeals provisions for petitions for rehearing in the appellate court apply in criminal appeals “insofar as appropriate”); 134 Ill. 2d R. 651(d) (postconviction appeals are to follow the rules applicable to criminal appeals, “as near as may be”). On the other hand, because this is an appeal from the dismissal of a postconviction petition, it involves a claim of a deprivation of constitutional rights in a criminal proceeding, and possibly an erroneous deprivation of liberty. In such proceedings, petitioners are entitled to an appeal (134 Ill. 2d R. 651(a)), and they are entitled to appellate counsel (134 Ill. 2d R. 651(c)), who must provide at least “a reasonable level of assistance.” 
People v. Johnson
, 192 Ill. 2d 202, 207 (2000).

However, these are not interests which the appellate court can balance. As this court has repeatedly stated, and as the appellate majority correctly held, the appellate and circuit courts of this state 
must
 enforce and abide by the rules of this court. The appellate court’s power “attaches only upon compliance with the rules governing appeals.” 
People v. Flowers
, 208 Ill. 2d 291, 308 (2003). “[N]either the trial court nor the appellate court has the ‘authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.’ ” 
Mitchell v. Fiat-Allis, Inc
., 158 Ill. 2d 143, 150 (1994), quoting 
In re Smith
, 80 Ill. App. 3d 380, 382 (1980). “While the appellate court may exercise significant powers on review of a criminal case (see 134 Ill. 2d R. 615(b)), it does not possess the same inherent supervisory authority conferred on our court by article VI, section 16, of the Illinois Constitution (Ill. Const. 1970, art. VI, §16).” 
Flowers
, 208 Ill. 2d at 308, citing 
People v. Harvey
, 196 Ill. 2d 444, 453-54 (2001) (McMorrow, J., specially concurring, joined by Freeman, J.). Thus, as we held in 
Woodson
, the appellate court loses jurisdiction of an appeal 21 days after it has been dismissed, unless within that time a litigant files a petition for rehearing or a motion to extend the time for filing the same. 
Woodson
, 154 Ill. 2d at 397; 155 Ill. 2d R. 367(a).

The appellate court therefore acted entirely correctly in rendering the decision it did. Indeed, the court had no other choice. Once the time for filing a petition for rehearing had elapsed, the appellate court was without jurisdiction to take any further action in the case. The appellate court’s jurisdiction turns on litigants’ compliance with our rules, specifically including the timelines established therein. 
Mitchell
, 158 Ill. 2d at 150. Issuance of the mandate does not enter into the equation, and to the extent that 
Whitcanock
, 81 Ill. App. 3d 186, relied on by the appellate court dissent, held otherwise, 
Woodson
 has long since overruled it 
sub silentio
.

Nevertheless, although the appellate court had no discretion to take any action other than dismissing the appeal, that does not end the matter so far as this court is concerned. For although the appellate court must abide by this court’s rules, this court possesses supervisory authority over the Illinois court system. In oral argument on this case, the State correctly acknowledged that this court could reinstate petitioner’s appeal pursuant to our supervisory authority if we were so inclined. Indeed, our supervisory authority is a broad and unusual power, which is “ ‘unlimited in extent,’ ” “ ‘undefined in character’ ” and grants jurisdiction without “ ‘pretend[ing] to intimate its instruments or agencies.’ ” 
McDunn v. Williams
, 156 Ill. 2d 288, 302 (1993), quoting 
Attorney General v. Blossom
, 1 Wis. 317, 325 (1853). Thus, in 
Moore
, we reinstated a criminal defendant’s direct appeal from his conviction, lost because of his appellate counsel’s ineffective assistance, even though nearly 10 years had passed between the time of the dismissal (July 1980) and our decision reinstating it (January 1990). See 
Moore
, 133 Ill. 2d at 334.

We believe that it is appropriate to reinstate the appeal in the instant case because of the tension between our general rules governing petitions for rehearing and our rule providing counsel in postconviction proceedings. Although petitioner through counsel did fail to file a petition for rehearing in the appellate court within 21 days after the judgment (see 155 Ill. 2d R. 367(a)), it is also clear that petitioner was effectively deprived of the counsel he was promised on appeal (see 134 Ill. 2d R. 651(c)). After receiving four extensions of time, appellate counsel still failed to file a timely brief, took no action on the case at all as months passed after the brief was due, and then after the appeal was dismissed, failed even to file a motion to reconsider the dismissal within 21 days. This is not the “reasonable level of assistance” (
Johnson
, 192 Ill. 2d at 207) that our rules extend to a postconviction petitioner on appeal. Indeed, it is fair to say that petitioner did not merely fail to receive a 
reasonable
 level of assistance of counsel, he received 
no
 assistance. In 
Johnson
, a postconviction appeal, we held that appellate counsel’s completely inadequate briefing constituted failure to provide a reasonable level of assistance (as required by Rule 651), and that this failure on counsel’s part was a sufficient reason not to enforce against the client the failure to comply with Rule 341(e)(7). As appellate counsel in this case pointed out in oral argument, “at least he [appellate counsel in 
Johnson
] 
filed a brief
, ok–at least he 
attempted
 to file a brief in that case. In this case, defendant didn’t file–defendant’s appointed counsel filed no brief whatsoever.” (Emphasis added.)

The State attempts to distinguish 
Moore
 as well as other cases which predate it (see, 
e.g.
, 
People v. Aliwoli
, 60 Ill. 2d 579 (1975), 
People v. Brown
, 39 Ill. 2d 307 (1968)) on the basis that they were direct criminal appeals, a different class of proceedings than postconviction appeals. As previously noted, the appellate majority found this other authority inapposite because petitioner here, unlike the defendants in the above cases, was not entitled to appellate counsel as a matter of due process, but rather by our rules. This distinction has no force, however, insofar as our supervisory authority is concerned. The appellate court’s decision to dismiss the appeal may not have deprived petitioner of due process, but it is our responsibility to oversee court proceedings in this state, and in this case there is no question that it was the failure of counsel to provide petitioner that level of assistance which our rules require which caused petitioner’s failure to comply with the rules governing appeals. We believe the appropriate remedy is to reinstate the appeal under the unusual circumstances of this case.

The State also contends that rather than reinstating petitioner’s appeal, petitioner could file a successive postconviction petition arguing ineffective assistance of appellate counsel in the instant proceeding. This is true, but it is not the remedy we preferred in 
Moore
. Our reasoning there was that it wastes judicial resources to require a defendant to institute a new action, requiring a trial court to assess the matter anew through the filter of the effectiveness of appellate counsel in the prior proceeding, which decision would itself certainly be appealed, when the matter could so much more simply be resolved by reinstating the first appeal, which was lost through no fault of defendant’s. See 
Moore
, 133 Ill. 2d at 339-40. We find that reasoning compelling in the instant case as well.
(footnote: 2)
 Accordingly, pursuant to our supervisory authority over the Illinois courts (see Ill. Const. 1970, art. VI, §16), we order that petitioner’s appeal be reinstated in the appellate court. We believe it is worth noting that we are 
not
 holding that the appellate court is henceforth empowered to take it upon itself to excuse violations of our rules regarding appeals in future cases, even when the court believes that a failure to follow the rules is due to ineffective assistance of counsel. Rather, the appellate court must enforce the rules as written. Any decision regarding competing interests between our rules must be made by this court, and if future cases arise following a procedural fact pattern similar to the instant case, it will be incumbent on the appellate court to act as the appellate court correctly did in the instant case, dismissing the appeal and leaving it to this court to determine whether the appeal ought to be reinstated.

CONCLUSION

For the reasons above, we vacate the appellate court’s order dismissing petitioner’s appeal and remand to that court with direction that it reinstate petitioner’s appeal.

Appellate court judgment vacated;

cause remanded with directions.

FOOTNOTES
1:     
1
Before this court both parties state that the appellate court denied the Appellate Defender’s fourth motion for extension of time. However, both the appellate court’s published opinion (see 347 Ill. App. 3d 100) and the appellate court’s internal records reflect that the court granted the fourth motion as well as the first three. The record before this court does not appear to contain a copy of the actual ruling on the August motion for extension of time. We trust the appellate court to have recorded the proceedings correctly, but in any event this factual dispute does not affect the issues before this court because there is no question that the Appellate Defender failed to file a timely brief, the appellate court dismissed the appeal for want of prosecution, and the Appellate Defender failed to file a timely motion to reconsider the dismissal.

2:     
2
Like 
Moore
, our decision in this case is extremely unlikely to be exploited in the future. As we noted in 
Moore
, defendants will be reluctant to elongate their stay in prison by engaging in appellate shenanigans. See 
Moore
, 133 Ill. 2d at 341. We believe additionally that appellate attorneys will be extremely reluctant to run the very real risk of referral to the Attorney Registration and Disciplinary Commission by intentionally engaging in conduct so wholly inefficacious as to permit an appeal to be reinstated under our decision today, even if counsel thought that some hypothetical and speculative benefit could somehow inure to their client by doing so.