2021 IL App (1st) 210136-U

SIXTH DIVISION
April 30, 2021

No. 1-21-0136

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CSC PARTNERS MANAGEMENT, LLC and CLARK STREET CAPITAL ADVISORS, LLC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| ADM INVESTOR SERVICES, INC., JOSEPH FENNESSEY; FINALYZE CAPITAL, LLC, and ANGELOS MICHALOPOULOS, | ) ) ) ) | No. 19 L 008068 |
| Defendants, | ) ) ) | |
| (ADM Investor Services, Inc, Joseph Fennessey, and Finalyze Capital, LLC, | ) ) | |
| Defendants-Appellees.) | ) ) ) | Honorable Thomas R. Mulroy, Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appeal is dismissed for lack of jurisdiction where plaintiffs' notice of appeal was filed more than 30 days after the circuit court's judgment refusing to modify or dissolve an existing injunction.

¶ 2    Plaintiffs, CSC Partners Management, LLC (CSC), and Clark Street Capital Advisors, LLC (Clark Street), filed an interlocutory appeal alleging that the circuit court erred in granting defendants' motion to compel arbitration and dismissing plaintiffs' claims without prejudice. On appeal, plaintiffs allege that 1) not all parties to the complaint agreed to arbitrate pursuant to the rules of the National Futures Association (NFA); and 2) they did not consent to arbitrate their claims against defendant ADM Investor Services, Inc. (ADMIS). Plaintiffs also contend that the trial court should have ordered a stay of the court proceedings instead of dismissing all claims without prejudice. For the following reasons, however, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. JURISDICTION

¶ 4    On December 4, 2020, the trial court entered an order to compel arbitration of plaintiffs' claims. On December 18, 2020, plaintiffs filed a motion to reconsider which sought to vacate the court's December 4, 2020, order to compel arbitration, as well as reinstate the action. The trial court denied the motion on January 7, 2020. Plaintiffs filed their notice of appeal on February 8, 2020.

¶ 5                                    II. BACKGROUND

¶ 6    On May 22, 2018, Jonathan Winick, president of Clark Street, and Joseph Fennessey, a futures trader who traded through Finalyze Capital, LLC ("Finalyze"), organized CSC, a Delaware limited liability company. CSC was formed with an initial capital investment from Clark Street, which became one of two partners of CSC. Fennessey was the other partner. An Operating Agreement was executed in connection with CSC's formation, with Winick signing as president of Clark Street and Fennessey signing for himself.

¶ 7     Winick and Fennessey were at all relevant times associate members with the NFA. CSC was a member from January 2019 to May 15, 2020. Pursuant to the NFA Rulebook, section 2(b) of the "Member Arbitration Rules" provides, in pertinent part, that "disputes between Members and Associates and between Associates shall be arbitrated under these Rules, at the election of the person filing the claim ***. Once a claim is filed, arbitration is mandatory for the Member or Associate the claim is against." [Citation.]

¶ 8     On July 22, 2019, CSC and Clark Street (hereinafter "plaintiffs") filed a complaint against Fennessey, Finalyze, ADMIS, and Carlos Cabrera, alleging tortious interference with a prospective business relationship that belonged to CSC, breach of fiduciary duty, and breach of the operating agreement. On October 15, 2019, Fennessey filed a claim for arbitration with the NFA against CSC and Winick. On February 15, 2020, plaintiffs filed an amended complaint that added a tortious interference count against Angelos Michalopoulos.

¶ 9     On March 13, 2020, ADMIS and Cabrera filed motions to dismiss plaintiffs' amended complaint. That same day, Fennessey and Finalyze filed their answer, affirmative defenses and counterclaim for tortious interference. On April 3, 2020, plaintiffs filed a motion to dismiss the counterclaim. Plaintiffs also filed a motion before the NFA to dismiss the arbitration claim or in the alternative, to stay the NFA action pending resolution of the court proceedings.

¶ 10    Fennessey subsequently filed an amended NFA claim adding Finalyze as a claimant and adding Clark Street and CSC Quant Trading LP as respondents. The NFA, however, rejected the additional parties because they were not members or associates of the NFA. Fennessey then filed a second amended arbitration claim with the NFA naming only CSC and Winick as respondents. In the second amended claim, Fennessey acknowledged the NFA's rejection of Clark Street, but

alleged that the NFA had jurisdiction over Winick and Clark Street "is an entity wholly owned and controlled by" Winick. As such, "[a]ny entity record he controls, directly or through any intermediate entity he controls, would similarly be subject to discovery under NFA Arbitration Rules Section 7." Fennessey also claimed that given Winick's capacity as president of CSC and his duties as outlined in the operating agreement, "any actions taken by CSC Quant Trading LP and any records of same controlled by Respondent Jonathan Winick need to be accounted for in the NFA arbitration, and any records of such entity which he controls***are subject to disclosure pursuant to NFA Arbitration Rules Section 7."

¶ 11    In the second-amended NFA claim, Fennessey alleged 1) breach of the operating agreements and the memorandum of understanding, resulting in substantial damages, 2) breach of the duty of good faith and fair dealing, 3) unfair and deceptive practices, and 4) tortious interference with his prospective economic advantage. The tortious interference claim referenced the involvement of defendants Cabrera, Michalopoulos, and ADMIS.

¶ 12    On September 4, 2020, Fennessey and Finalyze filed a motion in the trial court to compel arbitration or in the alternative, to stay court proceedings. On December 1, 2020, the court heard oral argument on 1) ADMIS and Cabrera's motions to dismiss plaintiffs' amended complaint, 2) plaintiffs' motion to dismiss the counterclaim, 3) the motion to compel arbitration, and 4) plaintiffs' motion to supplement the record.

¶ 13    The court denied the motion to supplement the record and proceeded to hear argument on the motion to compel arbitration. Counsel for Fennessey and Finalyze argued that because the dispute involves the actions of Fennessey, Winick and CSC, all members with the NFA, any dispute between them "needs to be arbitrated if one of them asks for arbitration," and Fennessey

requested arbitration. Plaintiffs argued that the "claims against the defendants are intertwined with each other such that bifurcating and taking the Fennessey part and putting it in arbitration would be wholly unfair, prejudicial, and procedurally very difficult for the Court to handle, given the fact that these are so intertwined."

¶ 14 ADMIS responded that if the court decided not to dismiss ADMIS pursuant to its motion to dismiss, ADMIS "would go to arbitration, absolutely. You won't be in two forums. We'll go to arbitration." The court asked plaintiffs' attorney if the NFA ruled on the arbitrability issue. He answered that it found they had to arbitrate the claims that were brought in arbitration. The court then stated, "my inclination is to send this to the arbitrator. Is there anything I can do to facilitate that, other than enter an order saying that it goes?" Plaintiffs' attorney requested that ADMIS's motion should be denied because "they've said they'll agree to arbitration, so if that's the case, then their motion should be denied and the case should be sent to arbitration for further handling." The court, however, stated that it would not rule on the motions to dismiss and would "[j]ust send the case to arbitration."

¶ 15 The court continued:

"So my order is going to be the case is – I don't know whether I should stay it or dismiss it.

I could dismiss it without prejudice, I suppose.

Theoretically, you could come back here to confirm the award; I don't know.

But I'm going to dismiss it. Let me dismiss it without prejudice, send you to arbitration.

And [plaintiffs' attorney], if you want to dismiss a defendant, you can do that on your own. Or not. I think that's something the arbitrator has to worry about.

And that's the order for today.

Is there anything else you'd like me to annoy you with?

[PLAINTIFFS' ATTORNEY]: Nope I think that covers it."

¶ 16    The court entered its written order on December 4, 2020. Therein, the court granted Fennessey's and Finalyze's motion to compel arbitration. The court further found that 1) defendant Cabrera was dismissed by agreement, 2) "Defendant ADMIS having orally consented to NFA jurisdiction, the case is referred to [NFA] Arbitration, Arbitration No. 2019 ARB 214," and 3) because the case was referred to arbitration, the court did not rule on ADMIS and Cabrera's motions to dismiss, or on plaintiffs' motion to dismiss Fennessey's and Finalyze's counterclaim. The court dismissed the case "without prejudice."

¶ 17    On December 16, 2020, plaintiffs filed a motion to reconsider, alleging that resolution through arbitration would "be incomplete," and requesting that the court vacate its order to arbitrate, reinstate plaintiffs' case, and stay the arbitration proceeding pending resolution of the court proceedings. On January 7, 2020, the court denied the motion and on February 8, 2020, plaintiffs filed this appeal.

¶ 18                                    III. ANALYSIS

¶ 19    As a preliminary matter, Fennessey and Finalyze raised the issue of this court's jurisdiction. "It is axiomatic that the appellate court must first consider its jurisdiction to hear an appeal before reaching the merits." *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 349 (2009).

¶ 20    Illinois Supreme Court Rule 307 governs interlocutory appeals as of right. (eff. Nov. 1,

2017). When appealing from an interlocutory order, "the appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated 'Notice of Interlocutory Appeal' conforming substantially to the notice of appeal in other cases." Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). Rule 307(a)(1) provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017).

¶ 21 "An order of the circuit court to compel or stay arbitration is injunctive in nature and subject to interlocutory appeal under paragraph (a)(1) of the rule." *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11, (2001). The trial court's December 4, 2020, order to compel arbitration was thus appealable under Rule 307(a)(1). Instead of filing a notice of appeal, however, plaintiffs filed a motion to reconsider the December 4, 2020, judgment. Fennessey and Finalyze argue that the filing did not stay the time within which plaintiffs had to file their notice of appeal. They contend that plaintiffs' notice of appeal, filed more than 60 days after the court's December order, was untimely.

¶ 22 However, "Rule 307(a)(1) permits interlocutory appeals from four types of orders: (1) orders that deny (i.e. refuse) injunctions; (2) orders that create (i.e., grant) injunctions; (3) orders that change the effects of (i.e., modify or dissolve) existing injunctions; and (4) orders that perpetuate the effects of (i.e., refuse to modify or to dissolve) existing injunctions. [Citation.]" *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill.App.3d 1023, 1025 (2005). In this case, the court's December 4, 2020, order was an injunctive and appealable order because it granted Fennessey's and Finalyze's motion to compel arbitration. *Kreiss*, 198 Ill. 2d at 11. Furthermore, the trial court's January 7, 2020, order denying plaintiffs' motion to reconsider the December order essentially refused to modify or dissolve an existing injunction. *Fuqua v. SVOX AG*, 2014 IL App

(1st) 131429, ¶ 15. Therefore, the court's January 7, 2020, order was also appealable under Rule 307(a)(1). Plaintiffs had 30 days from that date, or until February 6, 2020, to file a notice of appeal. See 5 ILCS 70/1.11 (West 2018) (providing that "the time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday * * *"). Plaintiffs filed their notice of appeal on February 8, 2020.

¶ 23    The timely filing of a notice of appeal is both mandatory and jurisdictional. *Archer Daniels Midland Co. v. Barth*, 103 Ill.2d 536, 539 (1984). Strict compliance with the rules governing the time limits for filing a notice of appeal is required, and neither the trial court nor the appellate court can excuse noncompliance with the filing requirements. *Mitchell v. Fiat–Allis, Inc.*, 158 Ill.2d 143, 150 (1994); see also *People v. Lyles*, 217 Ill.2d 210, 216–17 (2005) (finding that an appellate court's jurisdiction turns on the parties' compliance with the time limits for filing appeals prescribed by the supreme court rules). When an appeal is untimely under a supreme court rule, this court has "no discretion to take any action other than dismissing the appeal." Id. at 217.

¶ 24    Since plaintiffs did not file their notice of interlocutory appeal within 30 days of the trial court's January 7, 2020, order denying their request to modify or dissolve an existing injunction, their notice of interlocutory appeal was untimely and we are without jurisdiction to hear the matter.

¶ 25                                    IV. CONCLUSION

¶ 26    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 27    Appeal dismissed.