2022 IL App (1st) 200644-U

No. 1-20-0644

Order filed March 8, 2022.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 16948 |
| | ) | |
| DEANGELO WILLIAMS, | ) | The Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal dismissed for lack of jurisdiction where defendant's notice of appeal was untimely filed.

¶ 2    Defendant DeAngelo Williams appeals from an order of the circuit court of Cook County summarily dismissing his *pro se* petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, defendant contends the court erred when

it dismissed his petition because he sufficiently alleged multiple theories of ineffective assistance of trial counsel for failing to investigate and call exculpatory witnesses.

¶ 3    We dismiss this appeal for lack of jurisdiction. Defendant's notice of appeal was untimely filed and our review of the record reveals no proof of service or other indication that it had been mailed in a timely manner.

¶ 4    Following a 2014 bench trial, defendant was convicted of attempted first degree murder and sentenced to 32 years' imprisonment for shooting the coach of his baseball team during a doubleheader. Defendant's sentence included a mandatory 20-year firearm enhancement because he personally discharged a firearm during the offense. 720 ILCS 5/8-4(c)(1)(C) (West 2008).

¶ 5    On direct appeal, this court rejected defendant's contention that his sentence was excessive. We corrected his mittimus to accurately reflect the offense of which he was convicted and affirmed his conviction in all other respects. *People v. Williams*, 2017 IL App (1st) 150819-U.

¶ 6    On October 21, 2019, defendant filed the instant *pro se* postconviction petition under the Act. Defendant raised three claims of ineffective assistance of trial counsel for failing to call various exculpatory witnesses at trial. First, defendant alleged trial counsel failed to conduct a reasonable investigation when he did not attempt to contact any of the dozens of eyewitnesses to the shooting, especially the players on the teams, whose testimony would have shown defendant did not have an intent to kill. Second, defendant alleged counsel failed to present a firearms expert or other evidence regarding the capabilities of semiautomatic handguns to impeach the testimony of the State's witnesses. Third, defendant alleged counsel should have called an expert witness to testify regarding the behavior of sexual assault victims, specifically, how they respond after being assaulted. Defendant had testified at trial that the coach sexually assaulted him a few weeks prior

to the shooting, and on the day of the shooting began touching defendant in the dugout during the game. Defendant claimed that when he rebuffed the touching, the coach became aggressive and threatened him, and defendant shot the coach in self-defense.

¶ 7 Defendant attached to his postconviction petition his own affidavit in which he averred that he learned from an unidentified third party that there were other witnesses to the shooting whose statements supported his claims and contradicted the State's witnesses. Defendant stated that he did not attach affidavits from any of the witnesses because the third party was still trying to locate them. Defendant further stated that after the potential witnesses were located, he would have them prepare affidavits and "amend them to the petition."

¶ 8 On January 17, 2020, the circuit court summarily dismissed defendant's postconviction petition. Initially, the court found that defendant's claims could have been raised on direct appeal, and therefore, were waived. Nevertheless, the court addressed defendant's allegations and determined they were frivolous and patently without merit.

¶ 9 On January 28, 2020, the clerk of the circuit court mailed defendant a notice informing him that the court had entered an order on his postconviction petition on January 17, 2020. A copy of the court's written order was included with the notice. The clerk's notice stated, "[t]o preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered."

¶ 10 The record on appeal does not contain the notice of appeal, or any documents that usually accompany a notice of appeal, such as proof of service.

¶ 11 The record shows that on March 5, 2020, defendant filed a *pro se* "MOTION TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL." Therein, defendant

requested that he be permitted to file an attached postconviction petition and to have an attorney appointed to represent him. The record does not contain a postconviction petition that would have accompanied this motion. A *pro se* proof of service signed by defendant indicates that he mailed this motion to the clerk of the circuit court and the State's Attorney's Office from prison on February 25, 2020. The clerk docketed the motion to be heard by the court on June 5, 2020. The record does not indicate what subsequently happened with this motion, or if a successive postconviction petition was filed.

¶ 12    The clerk's case summary sheets contained in the record indicate that defendant filed two documents on March 5, 2020 – the above *pro se* motion and a notice of appeal.

¶ 13    On April 27, 2020, the notice of appeal was filed in this court. On that date, we received three documents from the trial court. The first document is defendant's *pro se* notice of appeal which was stamped "FILED" by the clerk of the circuit court on March 5, 2020. The second document is a photocopy of part of an envelope addressed to the clerk of the circuit court with defendant's return address. The postmark on the envelope is not visible. The third document is an order entered by the circuit court on March 20, 2020, appointing the Office of the State Appellate Defender to represent defendant on appeal. The order states, in relevant part, "WHEREAS On March 05, 2020, a notice of appeal having been filed (timely per proof of service) in the above named case from a judgment order entered against the Defendant on, January 17, 2020[.]" This court did not receive a proof of service certificate accompanying the notice of appeal.

¶ 14    As a reviewing court, this court has an independent duty to determine whether it has jurisdiction to consider defendant's appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). To confer jurisdiction on the appellate court, a defendant must file a timely notice of appeal. *People v.*

*Tolbert*, 2021 IL App (1st) 181654, ¶ 8. If a notice of appeal is not properly filed, the appellate court has no jurisdiction and must dismiss the appeal. *Id.*

¶ 15     Appeals in postconviction proceedings are controlled by the supreme court rules governing criminal appeals. Ill. S. Ct. R. 651(d) (eff. July 1, 2017). Rule 606(b) states that, unless allowed by an exception, which does not apply in this case, "no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." Ill. S. Ct. R. 606(b) (eff. July 1, 2017). In this case, the circuit court dismissed defendant's postconviction petition on January 17, 2020. Thus, defendant was required to file his notice of appeal with the clerk of the circuit court within 30 days, by February 16, 2020. Ill. S. Ct. R. 606(a), (b) (eff. July 1, 2017).

¶ 16     The clerk received defendant's notice of appeal on March 5, 2020, after the due date. Under these circumstances, Illinois Supreme Court Rule 373 (eff. July 1, 2017)[1] provides, "the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12. This rule also applies *** to the notice of appeal filed in the trial court."

¶ 17     Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017), which governs proof of service in the trial and reviewing courts, provides that when service is made by mail by an incarcerated *pro se* litigant, that service is proved "by certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered."

---

[1] Illinois Supreme Court Rule 373 applies to criminal cases pursuant to Illinois Supreme Court Rule 612(b)(18) (eff. July 1, 2017).

Consequently, "when a notice of appeal is filed outside the 30-day period following the order being appealed, the notice is deemed timely if the defendant attaches a proof of service in compliance with Rule 12(b)(6) showing it was mailed to the clerk of the circuit court within the 30-day period." *Tolbert*, 2021 IL App (1st) 181654, ¶ 9.

¶ 18    Here, we have searched every page of the record on appeal and our court file and found no indication that defendant submitted a proof of service certification with his *pro se* notice of appeal. We therefore have no knowledge as to how or when defendant transmitted his notice of appeal to the circuit court. If we assume defendant mailed his notice of appeal to the clerk of the circuit court in the envelope of which we received a partial photocopy, that photocopy does not have a visible postmark. We acknowledge that there is currently a split among two divisions of this court as to whether a postmark can serve as proof of service. Compare *Tolbert*, 2021 IL App (1st) 181654 (holding postmarks were eliminated as acceptable proof of mailing when Rule 373 was amended), and *People v. Humphrey*, 2020 IL App (1st) 172837 (holding a legible postmark on or before the deadline date was a reliable indication of timely filing). In this case, we need not address the validity of accepting a postmark as proof of mailing as there is no postmark.

¶ 19    We note that defendant submitted a proof of service form with his *pro se* "MOTION TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL." As noted above, the motion and notice of appeal were both filed in the circuit court on March 5, 2020. Even if defendant submitted this proof of service form to apply to both documents, it does not establish jurisdiction in this court. The proof of service form indicates that defendant placed his documents in the prison mail on February 25, 2020, nine days past his February 16 deadline.

¶ 20    We therefore find that defendant failed to comply with the proof of service requirement in Rule 12(b)(6). The record contains no other evidence or proof that defendant mailed his notice of appeal to the clerk of the circuit court by the February 16 deadline. Accordingly, because defendant's notice of appeal was not timely filed, we must dismiss this appeal for lack of jurisdiction. *Tolbert*, 2021 IL App (1st) 181654, ¶ 8; *People v. Lyles*, 217 Ill. 2d 210, 220 (2005) ("the appellate court must enforce the [supreme court] rules as written").

¶ 21    Appeal dismissed.