(No. 73354.—

LEONTYNE WOODSON, Appellee, v. THE CHICAGO BOARD OF EDUCATION, Appellant.

*Opinion filed February 18, 1993.—Rehearing denied March 29, 1993.*

McMORROW, J., took no part.

Jones, Ware & Grenard, of Chicago (Mitchell Ware, Frank M. Grenard, Michael G. Thomas, Andrea Buford, Gerald Zansitis and Dianne McCollough, of counsel), for appellant.

Robert Habib, of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal arises from a default judgment which was entered by the circuit court of Cook County on December 14, 1987, against the Chicago board of education in the amount of $75,000. The judgment was based upon injuries Leontyne Woodson, plaintiff, sustained while on a school playground. The board contends that the default judgment was entered without proper notice, that the existence of the judgment was fraudulently concealed and that the judgment was void in that it was based upon a complaint which failed to state a cause of action. Additionally, the board contends that the $75,000 judgment was in excess of the amount requested, included punitive damages, and that the doctrine of *laches* prevents plaintiff from enforcing the judgment.

This appeal arises from the following procedural facts:

| | |
|---|---|
| December 3, 1983 | — plaintiff injured on school playground. |
| December 31, 1986 | — complaint filed against the Chicago board of education claiming damages in excess of $15,000. |
| January 16, 1987 | — board served with summons, but failed to appear. |
| May 13, 1987 | — plaintiff wrote the board a letter stating that if the board did not respond within 10 days plaintiff would move for a default judgment. |
| July 2, 1987 | — order of default entered |

|  | against board. |
| December 14, 1987 | — plaintiff proved up damages to trial judge. Default judgment entered for $75,000. |
| December 4, 1989 | — plaintiff filed affidavit for nonwage garnishment against the board. |
| December 15, 1989 | — board served with garnishment summons. |
| December 20, 1989 | — plaintiff filed "Citation to Discover Assets." |
| December 26, 1989 | — board moved to quash garnishment as a violation of the School Code. |
| December 27, 1989 | — trial court quashed garnishment and directed plaintiff to proceed in conformity with the School Code. |
| January 11, 1990 | — trial court's hearing on plaintiff's citation to discover assets was continued until January 29, 1990. |
| January 29, 1990 | — plaintiff filed a "Petition for Enforcement of Judgment and for Writ of Mandamus" pursuant to the School Code. |
| February 26, 1990 | — board filed "Response to Plaintiff's Petition for Enforcement of Judgment" raising a variety of defenses asking that the judgment either be set aside or be enforced as to only $15,000. |
| March 6, 1990 | — plaintiff filed a motion to strike the board's response |

|  | arguing that it was an untimely section 2—1401 petition, as it was filed more than two years after entry of the default judgment. |
| March 6, 1990 | — trial court characterized the board's response as a "Petition Attacking Underlying Judgment" and transferred the matter to the trial judge who entered the default judgment. |
| May 8, 1990 | — trial court, considering the board's "Petition Attacking Underlying Judgment" and plaintiff's motion to strike said petition, entered an order denying both. |
| May 11, 1990 | — board filed notice of appeal from May 8, 1990, order. |
| May 14, 1990 | — board moved for stay of enforcement of judgment pending appeal of May 8, 1990, order. |
| May 18, 1990 | — plaintiff filed motion to compel compliance with citation to discover assets and trial court entered an order directing the board to respond to plaintiff's "Petition for Enforcement of Judgment and Mandamus." |
| June 1, 1990 | — board filed an answer to plaintiff's petition for enforcement and *mandamus* raising the affirmative de- |

fense of *laches*.

June 19, 1990 — plaintiff moved to strike the defense of *laches* and the trial court, considering plaintiff's petition for enforcement of the judgment and for a writ of *mandamus* and also plaintiff's motion to strike the board's *laches* defense, granted the striking of the *laches* defense and ordered the board to answer as to the availability of funds to immediately pay the judgment to plaintiff.

June 20, 1990 — plaintiff filed a response to the board's motion to stay enforcement of the May 8, 1990, order, and a trial court order was entered staying enforcement of the May 8, 1990, order pending appeal.

September 27, 1990 — appellate court dismissed the board's appeal of the May 8, 1990, trial court order for want of prosecution.

November 21, 1990 — trial court terminated stay of May 8, 1990, order.

December 11, 1990 — plaintiff moved to reinstate collection proceedings and trial court ordered the board to comply with the June 19, 1990, order.

January 10, 1991 — board filed a notice of appeal from the orders of

June 19, 1990, and December 11, 1990.

March 14, 1991 — board filed an amended emergency motion for reinstatement of its appeal of the May 8, 1990, order.

April 11, 1991 — appellate court granted the motion vacating its earlier dismissal, reinstated the appeal, and consolidated the appeal of the May 8, 1990, order with the appeal from the June 19, 1990, and December 11, 1990, orders.

May 3, 1991 — plaintiff filed a motion with this court for a supervisory order stating that the appellate court lacked jurisdiction to reinstate the appeal.

May 14, 1991 — this court denied the motion for supervisory order.

December 5, 1991 — appellate court issued an unpublished order dismissing the appeal and holding that the board could not appeal from the May 8, 1990, order as it was not a final and appealable order since it left pending before the trial court plaintiff's petition for enforcement of judgment and writ of *mandamus*; additionally, the board failed to file a timely notice of appeal from the June 19, 1990, order since this order was a

final order as the only matter pending following this order was whether the proceedings should be stayed pending appeal of the May 8, 1990, order.

June 3, 1992 — this court allowed the board's petition for leave to appeal (134 Ill. 2d R. 315).

While we do not agree with all of the findings and conclusions contained in the unpublished order of the appellate court (Nos. 1—90—1411, 1—91—0204 cons. (unpublished order under Supreme Court Rule 23)), we nonetheless affirm the dismissal of the appeal for the following reasons. The trial court order of May 8, 1990, was a final order. When the appeal of that order was dismissed for want of prosecution on September 27, 1990, and a petition for rehearing was not filed within 21 days, the dismissal order became final and the appellate court lost jurisdiction to consider additional arguments stemming from the May 8, 1990, order. The trial court order of June 19, 1990, on the other hand, was an interlocutory order which lacked the specific findings required under supreme court rules so as to render it appealable. Hence, the appellate court lacked jurisdiction to consider the appeal of that order. The same was true of the trial court order of December 11, 1990. *People v. Mallett* (1970), 45 Ill. 2d 388, 397-98; *Waitcus v. Village of Gilberts* (1989), 185 Ill. App. 3d 248, 250-51; 134 Ill. 2d Rules 304(a), 367(b).

Accordingly, the judgment of the appellate court, dismissing the appeal, is affirmed.

*Affirmed.*

JUSTICE McMORROW took no part in the consideration or decision of this case.