THE CITY OF CHICAGO, Plaintiff-Appellee, v. THADDEUS PUDLO *et al.*, d/b/a Pudlo Food Products, Defendants-Appellants.

First District (3rd Division)    No. 1—92—4474

Opinion filed February 15, 1995.

Dennis Doherty, of Chicago, for appellant Thaddeus Pudlo.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Meera Werth, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Defendant, Thaddeus Pudlo (Pudlo), appeals from a judgment entered against him in the enforcement of municipal ordinances and the imposition of fines as authorized by the Municipal Code of Chicago. Chicago Municipal Code §§ 4—8—850, 4—9—370 (1990).

On appeal defendant contends (1) that the circuit court lacked jurisdiction because of a prior dismissal; (2) sanctions were imposed against him in violation of his fourth amendment rights; and (3) the sanctions imposed were unduly excessive and an abuse of discretion.

During the pendency of this appeal, the matter was dismissed for want of prosecution and 63 days later defendant filed a motion to vacate the order of dismissal which was granted.

The city now alleges Pudlo's failure to comply with the procedural requirements of Supreme Court Rule 367(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 367(a), eff. February 1, 1994), which required defendant to file a petition to vacate the order of dismissal within 21 days after the entry of the judgment, resulted in this court's loss of its appellate jurisdiction.

We agree that this court was without jurisdiction to vacate the dismissal order, and we dismiss Pudlo's appeal. As a consequence, this opinion is limited to examination of the jurisdictional question, leaving the circuit court's judgment and other rulings undisturbed.

In 1990 the City of Chicago filed three separate complaints against Thaddeus Pudlo, doing business as Pudlo Food Products, al-

leging numerous violations of the city's Municipal Code relating to real property owned and operated by Pudlo within the City of Chicago. The complaints were consolidated in the action below.

During the pendency of that litigation, Pudlo was held in contempt of court, and later sanctioned under Supreme Court Rule 219(c), for his willful and repeated refusal to allow inspection of the Pudlo property pursuant to both the city's requests for discovery and direct court orders. The circuit court entered a final judgment on November 17, 1992, imposing fines on Pudlo for 113 code violations.

Pudlo filed his notice of appeal on December 15, 1992. On September 30, 1993, this court dismissed the appeal for want of prosecution. Pudlo moved to vacate the dismissal and reinstate the appeal on December 2, 1993, which motion was granted by this court on December 16, 1993.

The city contends the fact Pudlo moved to vacate this court's dismissal on December 2, 1993, exceeding the time allotted under Rule 367(a) by 41 days, deprived this court of jurisdiction to reinstate Pudlo's appeal, and accordingly, this court's dismissal on September 30, 1992, was final.

■ Supreme Court Rule 367(a) requires that a petition for rehearing "be filed within 21 days after the filing of the judgment, unless on motion the time is shortened or enlarged by the court or a judge thereof." Official Reports Advance Sheet No. 26 (December 22, 1993), R. 367(a), eff. February 1, 1994.

In *Woodson v. Chicago Board of Education* (1993), 154 Ill. 2d 391, 609 N.E.2d 318, our supreme court held that "[w]hen the appeal of the [circuit court's] order was dismissed for want of prosecution *** and a petition for rehearing was not filed within 21 days, the dismissal order became final and the appellate court lost jurisdiction to consider additional arguments stemming from the *** order." (*Woodson*, 154 Ill. 2d at 397.) This court did not have before it a motion to extend the time for filing beyond the 21 days required by Rule 367. Thus, after the passage of the 21-day period, we lacked discretion to vacate its dismissal for want of prosecution, being without jurisdiction to entertain action.

Pudlo attempts to distinguish the instant case from *Woodson*, arguing that the principles of *Woodson* apply only to civil cases, and that the ordinance violations were criminal in nature, exposing him to both fines and a 30-day jail sentence. Pudlo's reliance on this distinction is misplaced. Nothing in *Woodson* expressly limits its holding to civil cases generally, or "fine only" ordinance prosecutions in particular, although such might be an appropriate limitation. However, prosecutions for municipal ordinance violations are civil in

nature and are tried and reviewed as civil proceedings. *Village of Beckmeyer v. Wheelan* (1991), 212 Ill. App. 3d 287, 569 N.E.2d 1125; *City of Peoria v. Toft* (1991), 215 Ill. App. 3d 440, 574 N.E.2d 1334; *City of Elgin v. Hawthorne* (1990), 204 Ill. App. 3d 807, 562 N.E.2d 670; *City of Chicago v. Prus* (1983), 117 Ill. App. 3d 455, 453 N.E.2d 776.

■ Nothing before this court suggests that an exception be created determining Rule 367 inapplicable to municipal ordinance proceedings. To the contrary, even the authority cited by Pudlo expressly supports the proposition that prosecutions for municipal ordinance violations, though quasi-criminal in nature, are to be tried and reviewed as civil actions. *City of Chicago v. Prus*, 117 Ill. App. 3d at 467.

The holding in *Woodson* is clear, and given the similarity between *Woodson* and the instant case, each involving the identical procedural sequence, this court must accept, reluctantly, *Woodson*'s unequivocal and controlling language.

Our hesitancy is due to our recognition of future controversies where such a formalistic application of Rule 367 might lead to dismissals contrary to principles of fairness and the interests of justice. However, this is not such a case.

Accordingly, since this court is without the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals (*Mitchell v. Fiat-Allis, Inc.* (1994), 158 Ill. 2d 143, 632 N.E.2d 1010), this appeal is dismissed for lack of jurisdiction pursuant to Supreme Court Rule 367(a). Official Reports Advance Sheet No. 26 (December 22, 1993), R. 367(a), eff. February 1, 1994.

Appeal dismissed.

TULLY and CERDA, JJ., concur.