THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRYAN BRANDON, Defendant-Appellant.

Fourth District No. 4—97—0053

Opinion filed March 2, 1998.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

This case involves procedural questions relating to how a defendant goes about having the appellate court review his direct appeal after it has been dismissed due to his attorney's failure to comply with appellate procedure.

Defendant was convicted of possession of less than 15 grams of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 1992)) and possession of less than 15 grams of a controlled substance (720 ILCS 570/402(c) (West 1992)). The circuit court sentenced defendant to concurrent eight- and three-year terms of imprisonment, respectively. Defendant, represented by retained counsel, filed a notice of appeal. Nevertheless, on August 31, 1994, this court dismissed the appeal when counsel failed to file a brief and failed to respond to a rule to show cause why the appeal should not be dismissed for that reason. *People v. Brandon*, No. 4—94—0058 (August 31, 1994) (unpublished order under Supreme Court Rule 23).

The proceedings in the instant case began on November 30, 1994,

when defendant's retained counsel, the one who failed to file a brief on the direct appeal, filed a postconviction petition in the circuit court charging a discovery violation by the State. On June 16, 1995, the circuit clerk sent defendant a letter, in response to a letter from defendant that the clerk had purportedly received the day before, explaining that the appeal had been dismissed on August 31, 1994. On June 27, 1995, defendant filed a *pro se* postconviction petition in the circuit court alleging a denial of his right to effective assistance of counsel in both the circuit and appellate courts. On April 25, 1996, the public defender filed an amended postconviction petition asserting defendant was denied his right to effective assistance of counsel when his appeal was dismissed for failure of his counsel to file a brief.

The circuit court held a hearing on the public defender's postconviction petition and entered an order on May 28, 1996. The order recited the case history we have set forth and found defendant was denied his right to effective assistance of counsel on appeal when counsel failed to file a brief. The court concluded that the best way to proceed was to direct the public defender to request this court to proceed with the original appeal. The circuit court then directed that it be done, and if this court did not allow the request, the "matter should be returned to [the circuit court] for further consideration." Coincidentally, defendant's retained attorney was disbarred by the Supreme Court of Illinois on the same day this order was entered.

A request to this court to reinstate the appeal was then made by motion filed under the original appeal docket number on September 27, 1996, slightly more than two years after the appeal was dismissed. This court denied that request on October 7, 1996, and the case was returned to the circuit court. On November 18, 1996, defendant moved for the circuit court either to acquit him or, in the alternative, grant him a new trial. After a hearing, the circuit court entered an order January 13, 1997, denying all the requested relief. The court noted that no showing had been made of the denial of any constitutional right in the circuit court and the circuit court was not responsible for the dismissal of the appeal. Defendant has filed a timely notice of appeal from that order.

Defendant relies upon the supreme court's decision in *People v. Moore*, 133 Ill. 2d 331, 549 N.E.2d 1257 (1990), for his claim that he is entitled to direct appellate review of his conviction even though his prior appeal has been dismissed. We agree.

In *Moore*, a defendant's appeal was dismissed in July 1980 by the appellate court for want of prosecution. In September 1983, disciplinary proceedings were instituted against defendant's attorney which

culminated in his suspension from the practice of law, due in part to his neglect of defendant's appeal. Following the attorney's suspension, defendant filed a motion to reinstate the appeal with the appellate court, which was denied on September 27, 1988. The opinion does not indicate when the motion to reinstate was filed, but the filing was necessarily several years after the appeal was dismissed.

The supreme court granted defendant's petition for leave to appeal from the appellate court order denying the motion to reinstate. The record indicated that defendant, acting *pro se*, had corresponded with the Administrative Office of the Illinois Courts, which referred the matter to the Attorney Registration and Disciplinary Commission (ARDC). The supreme court concluded that defendant was an uneducated person and, despite correspondence with ARDC, did not likely understand his appeal had been dismissed until he contacted a new attorney and was so advised in July 1988.

In *Moore*, the State contended that defendant's remedy was the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*), but the supreme court concluded that was not the only avenue of relief available to defendant and that the matter was properly before the supreme court. Citing *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), the opinion concluded that a defendant in a criminal case cannot be penalized for failure of his counsel to follow the required rules for appeals. *Moore*, 133 Ill. 2d at 336, 549 N.E.2d at 1259, also citing *Pennsylvania v. Finley*, 481 U.S. 551, 557, 95 L. Ed. 2d 539, 547, 107 S. Ct. 1990, 1994 (1987).

The *Moore* court noted that often a postconviction proceeding would be an appropriate way for a convicted defendant to protect his right of appeal, which has been denied due to counsel's failings, but "a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event." *Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261. The case of *Penson v. Ohio*, 488 U.S. 75, 86-88, 102 L. Ed. 2d 300, 312-14, 109 S. Ct. 346, 352-54 (1988), was cited for a rule that, in cases of this nature, prejudice to the defendant is presumed from the attorney's error and the "lack of damage to the defendant" exception provided for in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), cannot be used by the State to bar a grant of relief to a defendant.

Following its analysis, the supreme court exercised its supervisory authority. After finding "no reason to waste the time and resources of an already overburdened circuit court by requiring yet another circuit judge to rule on matters pertaining to defendant's trial, only to have the matter ultimately return to the appellate court on appeal from

the circuit court's post-conviction ruling," it directed that defendant's appeal be reinstated in the appellate court. *Moore*, 133 Ill. 2d at 340, 549 N.E.2d at 1261.

Relying on *Moore*, defendant requests that his appeal be reinstated. The State maintains, however, this court has been without jurisdiction to proceed since 21 days after August 31, 1994, because the court lost jurisdiction of the matter when no petition for rehearing was filed within that period as required by Supreme Court Rule 367 (155 Ill. 2d R. 367), made applicable to criminal appeals by Supreme Court Rule 612(p) (134 Ill. 2d R. 612(p)). See *Woodson v. Chicago Board of Education*, 154 Ill. 2d 391, 397, 609 N.E.2d 318, 320-21 (1993). The State recognizes that, in *Moore*, more than 21 days elapsed between the dismissal of the appeal by the appellate court and the defendant's request to reinstate the appeal. The State maintains, however, the supreme court could still order the appeal reinstated through the use of its supervisory authority, which this court does not possess. While that fact is undoubtedly true, although we note defendant did not seek leave to appeal from our order denying his motion to reinstate as was done in *Moore*, we need not resolve the issue of whether we may unilaterally reinstate defendant's 1994 appeal. We have jurisdiction from the order denying postconviction relief on the current appeal. Indisputably, the question of a denial of the defendant's constitutional right to effective assistance of counsel on review was before the circuit court and we have jurisdiction to pass on the circuit court's ruling thereon.

The circuit court struggled conscientiously with this matter, which we recognize is not subject to clear procedural precedent beyond the supreme court's exercise of supervisory authority in *Moore*. The parties agree that the trial court properly found defendant was denied the effective assistance of counsel when his appeal was dismissed due to defense counsel's failure to file an appellate brief. Given the supreme court's admonition in *Moore* that "a post-conviction proceeding can, and should, be utilized in certain circumstances as a remedy for a lost right of appeal" (*Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261), we conclude determination as to the nature of relief to be granted is not easy. We understand the frustration of the circuit court in trying to fashion the relief to be granted. One possible method might have been to order us to reinstate the appeal. That would have required a lower court to direct a higher court to take certain action. We have been unable to find any precedent for such procedure, and we can understand why the circuit court would have been reluctant to try such a procedure. In any event, no such drastic procedure is necessary here.

The circuit court's direction to defense counsel to ask this court to reinstate the appeal was borne of the lack of certainty as to the procedure to be followed. We now decide that, rather than having defense counsel ask this court to reinstate the appeal, the circuit court should have directed that a new notice of appeal be filed in that court from the original judgment in the criminal case.

Accordingly, we vacate the circuit court's order on appeal denying the postconviction petition and remand to that court with directions to order defendant to file a new notice of appeal in the criminal case. We will treat that notice of appeal as a timely notice of appeal in the criminal case and process it accordingly. The circuit court should also take whatever steps may be necessary on appeal in regard to counsel. We so order.

Vacated and remanded with directions.

COOK and McCULLOUGH, JJ., concur.