# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*John Crane, Inc. v. Admiral Insurance Co.*, 2011 IL App (1st) 093240

---

| | |
|---|---|
| Appellate Court Caption | JOHN CRANE, INC., Plaintiff-Appellant and Cross-Appellee, v. ADMIRAL INSURANCE COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT & INDEMNITY, LUMBERMENS MUTUAL CASUALTY COMPANY, and TWIN CITY FIRE INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, and CERTAIN LONDON MARKET INSURANCE COMPANIES, including EXCESS INSURANCE COMPANY, LTD., GENERAL REINSURANCE CORPORATION, RIVER THAMES INSURANCE COMPANY, WORLD AUXILIARY INSURANCE CORPORATION, and JOHN DOES 1-400, Defendants (Allianz Underwriters Insurance Company, Allstate Insurance Company, AIU Insurance Company, American Re-Insurance Company, Granite State Insurance Company, Lexington Insurance Company, National Surety Corporation, National Union Fire Insurance Company of Pittsburgh, PA, Insurance Company of North America, and TIG Insurance Company, Defendants-Appellees) (Columbia Casualty Company, Continental Casualty Company, and The Continental Insurance Company, Defendants-Appellees and Cross-Appellants). |

| | |
|---|---|
| District & No. | First District, Second Division<br>Docket No. 1-09-3240 |

| | |
|---|---|
| Summary order filed | July 19, 2011 |
| Rehearing denied | August 26, 2011 |
| Modified opinion filed upon denial of rehearing | August 30, 2011 |

| | |
|---|---|
| Held | Plaintiff's appeal from the orders entered against it on its amended complaint for declaratory relief was properly dismissed where the appeal was timely filed, it became effective on the date that the trial court properly disposed of defendants' amended counterclaim, and it remained in effect until it was dismissed for want of prosecution. |
| (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CH-08266; the Hon. Dorothy Kirie Kinnaird, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Kevin M. Forde, Ltd. (Kevin M. Forde and Joanne R. Driscoll, of counsel), and Nisen & Elliott LLC (Michael J. Daley and Claire E. Gorman, of counsel), both of Chicago, and Farella Braun & Martell, LLP, of San Francisco, California (John Cooper, Dennis M. Cusack, and Erica Villanueva, of counsel), for appellant. |
| | Troutman Sanders LLP, (Rebecca L. Ross, Clinton E. Cameron, David F. Cutter, and Stephanie L. Haas, of counsel), Bates Carey Nicolaides, LLP, (Catherine M. Crisham, Kristi S. Nolley, Ellen J. Zabinski, and Agelo L Reppas, of counsel), SmithAmundsen LLC, (Timothy J. Fagan and Michael L. Resis, of counsel), Clausen Miller P.C., (Mary F. Stafford, Colleen A. Beverly, and Melinda S. Kollross, of counsel), Cozen & O'Connor, (John D. LaBarbera, of counsel), and Hughes Socol Piers Resnick & Dym, Ltd., (Robert R. Anderson, III, John Hughes, and Daniel A. Waitzman, of counsel), all of Chicago, for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court with opinion. Presiding Justice Cunningham and Justice Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1    Pursuant to the supreme court's supervisory order issued May 25, 2011, this court vacates its order in *Crane v. Admiral Insurance Co.*, No. 1-09-3240 ( 2011) (unpublished summary order under Supreme Court Rule 23) and issues this opinion. *Crane v. Admiral Insurance Co.*, No. 111972 (May 25, 2011) (supervisory order).

¶ 2    This matter comes before the court on certain defendants-appellees' (Allianz defendants)[1] motion to dismiss plaintiff-appellant John Crane, Inc.'s (John Crane) appeal. The Allianz defendants argue that the appeal should be dismissed because due to this court's dismissal of John Crane's prior appeal, we lack jurisdiction to hear this appeal. John Crane contends that the prior appeal was not effective when this court dismissed it, which necessitated the filing of the second appeal after the trial court ruled on postjudgment motions. We find that this court lacks jurisdiction over this appeal and therefore we dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4    On March 10, 2009, the trial court issued a final order against John Crane on its first amended complaint for declaratory relief, case number 04 CH 8266, captioned *John Crane, Inc. v. Admiral Insurance Co. et al*. On March 12, 2009, John Crane filed a timely appeal (No. 1-09-0641) from the order. The appeal sought review of the final judgment "entered in this cause on March 10, 2009," which incorporated by reference the trial court's prior orders, and requested that the judgment be reversed "with directions to grant the relief sought by [John Crane] in its First Amended Complaint." On April 8, 2009, Columbia Casualty Company, Continental Casualty Company, and The Continental Insurance Company (CNA defendants) filed a posttrial motion to vacate or modify the March 10, 2009, order. The CNA defendants also filed a motion for leave to amend counterclaim, which sought to add a fourth count for permanent injunction against John Crane. On June 10, 2009, John Crane filed a motion for extension of time to file the record on appeal, which this court denied on June 22, 2009. It then filed a motion to stay appeal on August 3, 2009, which this court denied on October 27, 2009.

¶ 5    On October 30, 2009, the trial court issued an order addressing, *inter alia*, the CNA defendants' posttrial motion and motion for leave to amend counterclaim. The court found no reason to vacate or modify its order of March 10, 2009, and denied the CNA defendants' posttrial motion. It believed the judgment "was a final order resolving all outstanding motions before the court." The court noted that "it is time for this case to come to end [*sic*]" and quoted Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)). The court, however,

---

[1]Allianz defendants include: Allianz Underwriters Insurance Company, Munich Reinsurance America, Inc., National Surety Corporation, AIU Insurance Company, Granite State Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, TIG Insurance Company, Century Indemnity Company, as successor to CCI Insurance Company, as successor to the Insurance Company of North America, and International Insurance Company, but only with respect to excess liability policy No. 522 028713 6.

allowed the CNA defendants leave to amend their counterclaim after the final judgment.

¶ 6    On November 13, 2009, the trial court issued its final order. The order included the necessary Rule 304(a) language that "there is no just reason for delaying either enforcement or appeal" of the court's prior rulings. Ill. S. Ct. R. 304(a). The court specified the prior rulings as those "embodied in, among other things, the Court's Memorandum Opinions and Orders of April 12, 2006, June 21, 2006, August 30, 2006, November 20, 2006, October 16, 2007, December 20, 2007, March 10, 2009, and October 30, 2009." Furthermore, the court stated that the final judgment decree included the judgment entered "in favor of the CNA defendants and against John Crane on John Crane's first amended complaint for Declaratory Relief." The court again noted that the only unresolved issue was the CNA defendants' amended counterclaim against plaintiff-appellant which remained pending.

¶ 7    On November 25, 2009, this court on its own motion dismissed appeal No. 1-09-0641 for want of prosecution; specifically, John Crane "failed to file the Record on appeal within the time prescribed by Supreme Court Rule 326." John Crane did not seek a petition for rehearing or a petition for leave to appeal to the supreme court. Instead, on that same date it filed a new notice of appeal, which was designated No. 1-09-3240 (the present appeal). In this appeal, John Crane appealed the trial court's March 10, 2009, order and the earlier orders of April 12, 2006, June 21, 2006, August 30, 2006, November 20, 2006, October 16, 2007, December 20, 2007, and March 10, 2009. The appeal also requested reversal of the trial court's judgment entered against John Crane on its "First Amended complaint for Declaratory Relief and reversing all other judgments entered against John Crane, Inc., as summarized in the Court's Judgment entered on November 13, 2009." On January 21, 2010, this court notified the circuit court that it had filed the mandate associated with the dismissal of appeal No. 1-09-0641.

¶ 8                                    ANALYSIS

¶ 9    John Crane argues that this court has jurisdiction over its second appeal because its first appeal never became effective. We must first determine whether this court had jurisdiction over John Crane's first appeal when we dismissed it for want of prosecution. Illinois Supreme Court Rule 303(a)(1) (eff. May 30, 2008) states that a "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." However, when a party files a timely postjudgment motion, "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered." Ill. S. Ct. R. 303(a)(2) (eff. May 30, 2008). Rule 303(a)(2) further provides a party seeking to challenge the disposition of a postjudgment motion or separate claim, or the judgment amended by such motion, "must file a notice of appeal *** within 30 days of the entry of said order or amended judgment." Ill. S. Ct. R. 303(a)(2). However, where a postjudgment motion is denied, a new appeal need not be filed because "an appeal from the judgment is deemed to include an appeal from the denial of the postjudgment motion." Ill. S. Ct. R. 303(a)(2).

¶ 10   The trial court entered a final order on March 10, 2009, against John Crane on its first

amended complaint, and John Crane filed a timely appeal on March 12, 2009. Meanwhile, the CNA defendants timely filed a posttrial motion to vacate or modify the March 10, 2009, order on April 8, 2009. Therefore, according to Rules 303(a)(1) and (2), John Crane's timely filed appeal did not become effective until November 13, 2009, when the trial court disposed of all pending post-judgment motions on the March 10, 2009, order with the required Rule 304(a) language. Since the trial court below denied the CNA defendants' postjudgment motion to modify the order, filing a second notice of appeal from the November 13, 2009, order was not required for jurisdiction over John Crane's appeal to vest in this court. Instead, the first appeal became effective and was the proper appeal from both the March 10, 2009, order and the November 13, 2009, order denying the posttrial motions. See Ill. S. Ct. R. 303(a)(2). Accordingly, this court had jurisdiction over John Crane's first appeal when we dismissed it for want of prosecution on November 25, 2009.

¶ 11    John Crane did not file a petition for rehearing within 21 days pursuant to Illinois Supreme Court Rule 367(a) (eff. Dec. 29, 2009)). Instead, it filed a second appeal, which requested substantially the same relief as that sought in the first appeal. Both appeals requested review of the trial court's March 10, 2009, order as well as previous orders referenced in the March 10, 2009, order. Both appeals also asked this court to reverse the trial court's final judgment against John Crane in its first amended complaint for declaratory relief.

¶ 12    As discussed above, however, John Crane's first appeal was the effective appeal from both the November 13, 2009, and the March 10, 2009, orders, and this court had jurisdiction when we dismissed it's first appeal, No. 1-09-0641, for want of prosecution on November 25, 2009. John Crane did not file a petition for rehearing within 21 days. When an appeal of a final order is dismissed for want of prosecution and no petition for rehearing is filed within 21 days, the dismissal becomes final and the appellate court loses jurisdiction to consider additional arguments stemming from the initial order. *Woodson v. Chicago Board of Education*, 154 Ill. 2d 391, 397 (1993). The second appeal relies upon the judgments entered in the March 10, 2009, and November 13, 2009, orders and requests substantially the same relief as that requested in the first appeal. Pursuant to *Woodson,* this court lacks jurisdiction to hear the second appeal and it is dismissed accordingly.

¶ 13    John Crane disagrees, arguing that although the first appeal was timely filed, it became ineffective when the CNA defendants filed their postjudgment motion to modify and motion to amend their counterclaim. It contends that since the November 13, 2009, order did not dispose of the amended counterclaim, the claim remains pending and the first appeal has yet to go into effect. However, Rule 304(a) addresses this very issue. It states that "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a).

¶ 14    Here, the trial court anticipated this very issue in its October 30, 2009, order. The court observed that it was time for the case to end, and it quoted Rule 304(a). It stated that there was "no reason why the parties should not be able to challenge this Court's rulings" on the insurance coverage issues "before the Appellate Court, while [the trial court] considers and resolves the permanent injunction issues." The trial court's November 13, 2009, order

-5-

reiterated the final judgment determination and repeated the Rule 304(a) language as pertaining to the March 10, 2009, final judgment and prior orders referenced therein. Both orders also acknowledged that the CNA defendants' amended counterclaim was still pending. Therefore, the November 13, 2009, order properly disposed of the posttrial motions and John Crane's first appeal became effective on that date. The appeal remained in effect until this court dismissed it for want of prosecution.

¶ 15 John Crane also argues that it had to file the second appeal because when the trial court allowed the CNA defendants' motion to amend their counterclaim, the March 10, 2009, order was amended within the meaning of Rule 303(a)(2). However, a second notice of appeal is required to preserve an appeal from the postjudgment order only if the order "grants new or different relief than the judgment itself, or resolves a separate claim." Ill. S. Ct. R. 303(a)(2), Committee Comments, (adopted Mar. 16, 2007). Here, the November 13, 2009, order found that there was "no reason to vacate or modify the Order of March 10, 2009," and noted that what remained was the unresolved matter of the CNA defendants' amended counterclaim. No new or different relief was granted, nor were any separate claims resolved in the order. Therefore, John Crane's first appeal remained the effective appeal and it did not need to file a new appeal to vest this court with jurisdiction.

¶ 16 Even if this court did have jurisdiction, the doctrine of collateral estoppel precludes review of the appeal. John Crane's first appeal of the March 10, 2009, order was dismissed for want of prosecution on November 25, 2009, and the dismissal became final 21 days later when it did not file a petition for rehearing. See *Woodson*, 154 Ill. 2d at 397. "The effect of this dismissal is the same as an affirmance by [a] *** court of the decision under review but is of no precedential value." *People v. Griffith*, 212 Ill. 2d 57, 58 (2004) (*per curiam*). John Crane's second appeal sought review of the March 10, 2009, order as well as other orders discussed therein. Collateral estoppel prohibits relitigation of an issue already decided if the following elements are met: "(1) the court rendered a final judgment in the prior case; (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior case; and (3) the issue decided in the prior case is identical with the one presented in the instant case." *People v. Tenner*, 206 Ill. 2d 381, 396 (2002). If we had jurisdiction these elements would apply here, and the doctrine of collateral estoppel would bar review of John Crane's claims in this appeal. *In re A.W.*, 231 Ill. 2d 92, 101-02 (2008).

¶ 17 The cross-appeal of the CNA defendants is not affected and shall proceed.

¶ 18 Appeal dismissed.