**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240662-U

Order filed April 2, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0662 Circuit No. 15-CF-375 |
| | ) | |
| JOHNNY TAYLOR, | ) ) | Honorable Brian F. Telander, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court properly dismissed defendant's second-stage postconviction petition, and postconviction counsel provided reasonable assistance.

¶ 2     Defendant, Johnny Taylor, appeals following the Du Page County circuit court's dismissal of his second-stage postconviction petition, arguing he made a substantial showing of ineffective assistance of appellate counsel. Alternatively, defendant contends that postconviction counsel provided unreasonable assistance by failing to properly include defendant's *pro se* claims into the amended petition. We affirm.

¶ 3                              I. BACKGROUND

¶ 4        Following a bench trial, defendant was convicted of several counts of retail theft (720

ILCS 5/16-25(a)(1) (West 2014)) and one count of burglary (*id.* § 19-1(a)). The evidence

adduced at trial showed that defendant entered a store and placed several large electronics into a

cart. Defendant left the store without paying for the items. Defendant testified that he was the

person in the surveillance video and that he stole the electronics. However, defendant stated that

he did not enter the store with the intent to steal. Instead, while defendant was at the store to

purchase antacids, his drug dealer contacted him and said he would exchange drugs for

electronics. At that point, defendant decided to steal the electronics. Soon after defendant left the

store, he exchanged the electronics for drugs. Defense counsel argued that, because defendant

did not have the intent to steal the electronics when he entered the store, the State could not

prove defendant guilty of burglary. The court found defendant guilty and sentenced defendant to

concurrent terms totaling eight years' imprisonment. Defendant filed a motion for a new trial,

which included an attachment alleging that trial counsel was ineffective for failing to show

defendant the discovery to be presented at trial, preventing defendant from making an informed

decision regarding whether to testify. The court denied defendant's motion.

¶ 5                              A. Direct Appeal

¶ 6        On December 20, 2017, defendant appealed and the Office of the State Appellate

Defender (OSAD) was appointed.[1] On August 30, 2018, OSAD moved to withdraw as defendant

had hired private counsel. The court granted the motion. On September 17, 2018, an appearance

was filed by an attorney. The attorney did not file a brief and ultimately filed a motion to

_____

[1]Information in the background regarding defendant's direct appeal was supplemented from defendant's Second District case No. 2-17-1018. Defendant's present appeal falls under the jurisdiction of the Third District, following redistricting.

withdraw on December 19, 2018. The court issued an order on January 7, 2019, granting the motion and providing defendant until January 28, 2019, to file his appearance or substitute counsel. On February 27, 2019, a second attorney filed a motion for substitution of counsel. On February 28, 2019, the Second District dismissed the appeal. On March 22, 2019, the Second District recalled and reinstated defendant's direct appeal.

¶ 7        On March 22, 2019, counsel filed a brief alleging that the circuit court erred in relying on *People v. Bradford*, 2014 IL App (4th) 130288, to find that the State had proven defendant guilty beyond a reasonable doubt. The State filed a motion to stay the case pending an Illinois Supreme Court decision in *People v. Johnson*, 2019 IL 123318, which the court granted. On August 1, 2019, the supreme court issued a ruling in *Johnson*, which foreclosed the argument included in defendant's appellate brief.

¶ 8        On November 20, 2019, appellate counsel filed a motion to withdraw, indicating that based on the ruling in *Johnson*, defendant's claim as presented in his brief could not proceed. The Second District granted the motion and permitted defendant until December 24, 2019, to file a *pro se* reply brief or substitute counsel. Defendant filed several motions to amend his brief raising claims against his appellate counsel, which the Second District denied. Defendant requested the appointment of OSAD, which the court denied. Defendant then filed an appearance as a *pro se* litigant. Finally, on January 13, 2020, defendant filed a motion to dismiss his appeal, which was granted. Following dismissal, defendant filed a "Motion for Supervisory Order" with the supreme court to reinstate his appeal. Defendant asserted that he was deprived of his right to a direct appeal.[2] The attorney general's response contended that defendant did not lose an appeal

---

[2]The supreme court proceedings are not included in present record; however, a reviewing court may take judicial notice of court records. See *People v. Johnson*, 2020 IL 171638, ¶ 29.

3

where defendant filed a voluntary motion to dismiss his appeal. The supreme court denied defendant's motion for a supervisory order.

¶ 9                              B. Postconviction Proceedings

¶ 10            On March 18, 2019, defendant filed a postconviction petition alleging the ineffective assistance of appellate counsel resulting in the dismissal of his appeal. Additionally, defendant alleged that appellate counsel was ineffective for failing to raise several claims, including: (1) sentencing errors based on a one-act, one-crime violation and improper enhancement, (2) prosecutorial misconduct for improperly entering evidence at trial, and (3) ineffective assistance of trial counsel for failing to sever the charges. Defendant filed another petition, again asserting the same claim of ineffective assistance of appellate counsel. Additionally, defendant contended that appellate counsel was ineffective for failing to raise claims of error including: (1) trial counsel failed to challenge the indictment, (2) trial counsel failed to challenge the insufficient evidence of guilt, (3) the court improperly permitted the State the opportunity to relitigate the motion to suppress, (4) the court improperly denied the motion to suppress, and (5) the court erred in sentencing by violating the one-act, one-crime doctrine and improperly imposing a sentencing enhancement. Following the court's dismissal, the Second District ultimately reversed and remanded for second-stage proceedings. *People v. Taylor*, 2022 IL App (2d) 190951, ¶ 38.

¶ 11            On remand, appointed counsel filed an amended postconviction petition alleging several instances of ineffective assistance of trial and appellate counsel. Counsel specifically identified defendant's March 18, 2019, postconviction petition before stating that the amended petition incorporated defendant's *pro se* claims that trial counsel was ineffective for failing to (1) challenge defendant's indictment, (2) show defendant the discovery prior to trial resulting in

4

defendant's uninformed decision to testify, and (3) object to the untimely consideration of his motion to suppress. The amended petition also alleged that trial counsel was ineffective for failing to present surveillance video to corroborate defendant's testimony and appellate counsel was ineffective for failing to argue that the circuit court erred in finding that defendant entered the store with the intent to steal. Postconviction counsel did not argue that appellate counsel was ineffective for filing a defective and meritless appeal resulting in the loss of defendant's appeal rights. Postconviction counsel filed an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate. The circuit court granted the State's motion to dismiss, which is the subject of this appeal.

¶ 12                                    II. ANALYSIS

¶ 13         On appeal, defendant argues that the court erred in dismissing his amended postconviction petition because he made a substantial showing of ineffective assistance of appellate counsel. Alternatively, defendant asserts that postconviction counsel provided unreasonable assistance by failing to (1) preserve defendant's lost appeal claim and (2) properly include defendant's *pro se* claims into the amended petition.

¶ 14                      A. Ineffective Assistance of Appellate Counsel

¶ 15         Defendant first contends that appellate counsel provided ineffective assistance resulting in his lost appeal. While defendant admits that this specific claim was not raised in his postconviction petition, defendant contends that his argument that appellate counsel was ineffective for failing to argue that the court erred in finding that defendant entered the store with the intent to steal preserved the "broader but related claim" of ineffective assistance of appellate counsel. Even generously construing defendant's claim, the petition did not include his ineffective assistance of appellate counsel claim due to his lost appeal that he now presents.

5

Therefore, the claim is forfeited. See *People v. Pendleton*, 223 Ill. 2d 458, 470 (2006) (claims not raised in a postconviction petition cannot be argued for the first time on appeal and, thus, are forfeited).

¶ 16                    B. Unreasonable Assistance of Postconviction Counsel

¶ 17        In the alternative, in order to bypass forfeiture, defendant argues that postconviction counsel was unreasonable for (1) failing to raise the above claim and (2) incorporating and amending the incorrect *pro se* petition. "[P]ost-conviction counsel is only required to investigate and properly present the petitioner's claims." (Emphasis and internal quotation marks omitted.) *Id.* at 472. Defendant is only entitled to a "reasonable" level of assistance, less than that afforded by federal or state constitutions. See *id.* At the second stage, among other requirements, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) requires postconviction counsel to "ma[k]e any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." However, "Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). When postconviction counsel files a Rule 651(c) certificate, there is a rebuttable presumption that counsel provided reasonable assistance in compliance with the rule. See *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id.* If counsel found all the claims in the petition to be frivolous, then counsel may either stand on the *pro se* petition or seek to withdraw as counsel. *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10. If counsel found some claims in the petition to be frivolous, then counsel would omit those claims from the petition. *People v. Dixon*, 2018 IL App (3d) 150630,

6

¶ 22. We review whether postconviction counsel substantially complied with Rule 651(c) *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 18    First, defendant asserts that postconviction counsel provided unreasonable assistance for failing to raise and properly preserve his lost appeal claim. Since postconviction counsel filed a Rule 651(c) certificate, the presumption exists that counsel reviewed defendant's *pro se* claims and substantially complied with Rule 651(c) by advancing claims of merit or shaping defendant's *pro se* claims into proper legal arguments. See *Profit*, 2012 IL App (1st) 101307, ¶ 19. Additionally, the presumption also exists, evidenced by the omission of the claim in the amended petition, that postconviction counsel determined the claim to be frivolous. See *Dixon*, 2018 IL App (3d) 150630, ¶ 22. To overcome this presumption, defendant attempts to show that appellate counsel on direct appeal provided ineffective assistance resulting in his lost appeal.

¶ 19    To establish that appellate counsel rendered ineffective assistance, a defendant must satisfy *Strickland*, in that he must show that (1) counsel's performance was deficient, and (2) but for counsel's errors there is a reasonable probability that the appeal would have been successful. *People v. English*, 2013 IL 112890, ¶ 33. "Appellate counsel is not obligated to raise every conceivable issue on appeal, but rather is expected to exercise professional judgment to select from the many potential claims of error that might be asserted on appeal." (Internal quotation marks omitted.) *Id.* Appellate counsel's assessment of the merits of an issue depends on the state of the law at the time of the appeal. *Id.* ¶ 34. Failure to satisfy either prong precludes a finding of ineffective assistance of appellate counsel. *People v. Peeples*, 205 Ill. 2d 480, 513 (2002).

¶ 20    Here, appellate counsel's opening brief cannot be considered defective when it had arguable merits based on the case law at the time that the appeal was filed. See *English*, 2013 IL 112890, ¶ 34. This is clear where the Illinois Supreme Court resolved this previously unresolved

7

issue while defendant's appeal was pending by way of *Johnson*, five months after counsel filed his brief. Following the ruling in *Johnson*, appellate counsel filed a motion to withdraw and indicated that the claim no longer had merit. That counsel's brief raised a single issue does not make his performance deficient. See *id.* ¶ 33; see also *People v. Faulkner*, 292 Ill. App. 3d 391, 394 (1997) (defense counsel's strategies must be shown to be more than unsuccessful to overcome the presumption of soundness and amount to ineffective assistance of counsel). Therefore, defendant cannot establish deficient performance.

¶ 21    Moreover, appellate counsel did not cause defendant's appeal to be dismissed or abandon defendant's appeal. Instead, counsel placed defendant on notice that he was seeking to withdraw, and the court granted that request. At the same time, the court allowed defendant ample time to represent himself or obtain new counsel. Defendant attempted to represent himself and filed several pleadings. Only after defendant filed a motion to dismiss his appeal did the court grant that motion and dismiss the appeal. See *cf. People v. Brandon*, 294 Ill. App. 3d 911, 915 (1998) (where retained appellate counsel failed to file a brief, causing defendant's appeal to be dismissed, defendant's appeal was reinstated); see also *cf. People v. Moore*, 133 Ill. 2d 331, 332 (1990) (defendant's appeal was dismissed for want of prosecution due to appellate counsel's failure to file a docketing statement). Thus, it cannot be said that postconviction counsel was unreasonable for failing to argue that appellate counsel's deficient performance led to the loss of defendant's right to appeal when defendant voluntarily dismissed his appeal. In other words, defendant cannot show that postconviction counsel was unreasonable for failing to include defendant's ineffective assistance of appellate counsel claim for his lost appeal, where the claim lacked merit. See *Peeples*, 205 Ill. 2d at 514 ("if the underlying issue is not meritorious,

8

defendant has suffered no prejudice from counsel's failure to raise that issue"). Therefore, the court properly denied defendant's second-stage postconviction petition.

¶ 22    Second, defendant asserts the unreasonable assistance of postconviction counsel for failing to properly include the correct *pro se* petition into counsel's amended petition. While postconviction counsel cited the petition filed March 18, 2019, the amended petition clearly incorporated defendant's *pro se* claims from his other *pro se* filings and even defendant's *pro se* attachments to his motion for a new trial. Importantly, defendant's *pro se* claim of ineffective assistance of appellate counsel for his lost appeal was repeated throughout defendant's *pro se* postconviction proceedings, and its omission from the amended petition does not support the conclusion that counsel failed to amend the proper petition. Moreover, defendant does not identify any other arguments that should have been in the petition but are not. Therefore, defendant cannot overcome the presumption that postconviction counsel provided reasonable assistance in shaping defendant's claims into the amended petition and omitting frivolous claims. See *id.*

¶ 23                                    III. CONCLUSION

¶ 24    The judgment of the circuit court of Du Page County is affirmed.

¶ 25    Affirmed.